### TRAMMELL v. YARBROUGH et al.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1918. Rehearing Denied Feb. 13, 1919.)

No. 3305.

1. BANKRUPTCY ☞88(2)—PETITION—INTERVENTION.

While Bankruptcy Act, § 59f (Comp. St. § 9643), provides that creditors other than the original petitioner may at any time enter their appearance and join in the petition, yet, where a petition in involuntary bankruptcy is entirely dismissed, it is improper for the court to reserve to other creditors the right to intervene and have the matter reopened, and where creditors attempted to intervene, pursuant to such leave, such proceeding cannot be deemed a continuation of the original one.

2. BANKRUPTCY ☞56—ACTS OF BANKRUPTCY—PETITION.

Under Bankruptcy Act, § 3b (Comp. St. § 9587), a petition in bankruptcy cannot be maintained on alleged acts of bankruptcy occurring more than four months before the filing of the petition.

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

On the petition of Jack Yarbrough and others to intervene in bankruptcy proceedings previously instituted, Thomas Trammell was adjudicated a bankrupt, and he appeals. Reversed, with directions that the proceeding be dismissed.

Frank Willis, of Canadian, Tex., and J. H. Beall, of Sweetwater, Tex. (Ed. J. Hammer and Beall & Douthit, all of Sweetwater, Tex., on the brief), for appellant.

R. C. Chambers, of Abilene, Tex. (James P. Stinson, of Abilene, Tex., on the brief), for appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. On the 11th day of July, 1917, three creditors of Thomas Trammell filed an involuntary petition in bankruptcy against him, alleging the commission of acts of bankruptcy within four months prior to the date mentioned. The alleged bankrupt's answer to that petition put in issue its averments of insolvency and of acts of bankruptcy, and averred a state of facts relied on as estopping the petitioners to maintain the proceeding. On July 26, 1917, other alleged creditors of Trammell filed an intervening petition, which, so far as appears, was not acted on by the court, and was not served on, or answered or pleaded to, by Trammell. On September 21, 1917, another alleged creditor filed an intervening petition, which the alleged bankrupt demurred to and answered. On October 16, 1917, the court made the following order:

"On this the 16th day of October, A. D. 1917, after the above styled and numbered cause had been regularly set down for a hearing upon this day, came on to be heard the said creditors' petition in bankruptcy, seeking to secure an adjudication in bankruptcy, and the intervention as filed by other creditors seeking an adjudication, and the petitioning creditors and the intervening creditors having failed to appear and prosecute their action, the case was heard upon the answer and demurrers of the alleged bankrupt, and it appearing that the petitioners and interveners have failed to prosecute their action, and that the demurrers as filed by the alleged bankrupt are sufficient:

"It is therefore ordered that the above styled and numbered cause be dismissed, at the costs of petitioning creditors and interveners, reserving, however, to any other creditors of the alleged bankrupt the right to intervene and have this matter reopened within 30 days, and in the event no other creditor of said alleged bankrupt so intervenes for said purpose, then this order of dismissal to be final. It is further ordered that a copy of this order be published three consecutive days in a leading Dallas newspaper."

[1] On November 15, 1917, Jack Yarbrough and others filed a petition, which averred the above-stated prior occurrences in the bankruptcy proceeding, and that petitioners were creditors in amounts stated, adopted the allegations of the original and previously filed intervening petitions in regard to the acts of bankruptcy and the insolvency of Trammell, and prayed that the above-mentioned order dismissing the proceeding be set aside, that the proceeding be reopened, that the petitioners be permitted to intervene therein, and that a hearing be had on the original and intervening petitions. On Decem-

ber 5, 1917, Trammell demurred to and answered the petition just mentioned, and prayed that the same be referred to a jury. The court made an order reopening the bankruptcy proceeding, and permitting the petitioners in the last-filed petition to intervene in the cause and to join with the original petitioning creditors therein, but referred the cause to a special master in chancery for a hearing upon the issues of fact therein. An adjudication of bankruptcy was made on such master's report. Trammell appeals from that decree.

The above order of October 16, 1917, adjudged that the petitioning creditors and those who theretofore had intervened were not entitled to maintain the proceeding. The court's action was not based alone upon the failure of those creditors to prosecute the proceeding. No reservation was made in favor of the parties adversely affected by that ruling. They did not again appear in the proceeding, and it then ended in so far as they were actors in it. The order undertook to reserve "to any other creditors of the alleged bankrupt the right to intervene and have this matter reopened within 30 days." A revival of the proceeding at the instance of other creditors was not a joinder by them with those who previously had prosecuted the proceeding, because the latter had ceased to be actors in it. So far as they were concerned, the proceeding was not revived. They remained out of it. A reopening of the proceeding to let in other creditors to carry it on, after the elimination from it of all who previously had been actors in it, was in necessary effect the institution of a new proceeding. The statute provides that "creditors other than the original petitioners may at any time enter their appearance and join in the petition." Bankruptcy Act July 1, 1898, c. 541, § 59f, 30 Stat. 561 (Comp. St. § 9643). This provision presupposes the continued presence in the proceeding of petitioners with whom other creditors may join. It does not contemplate a revival of the proceeding after its life has been ended by the elimination of all who were actors in it. When that occurred, there was nothing left to intervene in. In re Bolognesi, 223 Fed. 771, 139 C. C. A. 351. We do not think that what was done by and at the instance of the creditors who appeared in the proceeding after the making of the order quoted properly can be regarded as an intervention in a pending proceeding.

[2] The petition under which the proceeding was opened was filed more than 4 months after the commission of the alleged acts of bankruptcy. This was too late for a new proceeding based upon those acts to be maintainable. Bankruptcy Act, § 3b (section 9587). It follows that the adjudication appealed from was erroneous. It is reversed, with direction that the proceeding be dismissed.

Reversed.