CANUTE STEAMSHIP COMPANY, LTD., ET AL. *v.* PITTSBURGH & WEST VIRGINIA COAL COMPANY ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 72. Argued October 12, 15, 1923.—Decided November 12, 1923.

Under the Bankruptcy Act §§ 3b, 59b, 59f, where a petition for involuntary bankruptcy, filed by three petitioners, is sufficient on its face, alleging that they are creditors with provable claims, and containing all averments essential to its maintenance, other creditors having provable claims who intervene in the proceeding and join in the petition at any time during its pendency before an adjudication is made, after as well as before the expiration of four months from the alleged act of bankruptcy, are to be counted at the hearing in determining whether there are three petitioning creditors qualified to maintain the petition, it being immaterial in such case whether the three qualified creditors joined in the petition originally or by intervention. P. 247.

283 Fed. 108, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming an adjudication of bankruptcy made by the District Court.

*Mr. Charles R. Hickox,* with whom *Mr. D. M. Tibbetts* was on the brief, for petitioners.

*Mr. Thomas F. Barrett* and *Mr. Theodore Kiendl,* with whom *Mr. John W. Davis, Mr. Nash Rockwood, Mr. R. H. McNeill, Mr. R. R. Bennett* and *Mr. T. L. Jeffords* were on the briefs, for respondents.

*Mr. Bernard S. Barron* filed a brief for the receiver in behalf of general creditors.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case involves an adjudication in bankruptcy made under an involuntary petition which was opposed by intervening creditors.

In February, 1921, three of the respondents, the Pittsburgh & West Virginia Coal Company and two other coal companies, filed in a Federal District Court in New York a petition for the involuntary bankruptcy of the Diamond Fuel Company, alleging that it was insolvent and had committed an act of bankruptcy within four months prior thereto, and that they were creditors having provable claims against it. The petition was regular and sufficient on its face. The Fuel Company answered, denying that it was insolvent or had committed an act of bankruptcy; or that the Pittsburgh Company, one of the petitioners, was its creditor and had a provable claim against it.

In September, 1921, more than nine months after the date of the alleged act of bankruptcy, before any further proceedings had been had other than the appointment of a receiver, two other creditors of the Fuel Company by leave of the court intervened in the proceeding and joined as

petitioning creditors in the petition for bankruptcy. Eleven days thereafter the present petitioners, the Canute Steamship Co., Ltd., and Compania Naviera Sota Y Aznar, hereinafter called the opposing creditors, being creditors of the Fuel Company claiming to have acquired a lien upon its funds by attachment proceedings instituted within four months before the filing of the original petition, by leave of the court likewise intervened in the proceeding in opposition to the petition for bankruptcy, and filed answers denying its averments in like manner as in the answer of the Fuel Company.

On the hearing before the District Court on pleadings and proof, the Fuel Company withdrew its answer and consented to an adjudication. The case was then heard on the issues raised by the answers of the opposing creditors. The District Judge, intimating, but not determining, that by reason of certain matters not necessary to be recited, the opposing creditors were estopped from denying that the Pittsburgh Company was a creditor, held that, independently of this question, any defect of parties which might otherwise have resulted was cured by the joinder of the two intervening creditors having valid claims; and, finding that the allegations of the petition for bankruptcy were otherwise sustained by the proof, an order was entered adjudging the Fuel Company a bankrupt. Upon appeal by the opposing creditors, the Circuit Court of Appeals, assuming, but not deciding, that the Pittsburgh Company was not a creditor, nevertheless affirmed the order of adjudication on the ground that the question of its claim was immaterial in view of the joinder of the intervening petitioners supplying the requisite number of creditors. 283 Fed. 108.

The opposing creditors contend that this was error upon the ground that under the provisions of the Bankruptcy Act (30 Stat. 544), the petition in bankruptcy could not properly be sustained except upon a finding that the Pitts-

burgh Company was a creditor of the Fuel Company having a provable claim against it, so as to make up the required number of three original petitioners entitled to maintain the petition; and that, in the absence of such finding, this lack could not be cured by the joinder of the other petitioning creditors more than four months after the commission of the act of bankruptcy.

The pertinent provisions of the act are these: Section 3b provides that a petition may be filed against a person who is insolvent and has committed an act of bankruptcy within the preceding four months; § 59b, that three or more creditors who have provable claims against any person of a specified aggregate amount—or if all the creditors of such person are less than twelve in number, then one of such creditors whose claim equals the specified amount—may file a petition to have him adjudged a bankrupt; and § 59f, that "Creditors other than original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition."

It was not averred in the petition for bankruptcy that the creditors of the Fuel Company were less than twelve in number; nor is this claimed. And no question is made as to the aggregate amount of the claims involved.

The argument in behalf of the opposing creditors is, in effect, that under § 3b a petition for involuntary bankruptcy must be filed within four months after the commission of the act of bankruptcy; that under § 59b, unless the creditors are less than twelve in number, to give the court jurisdiction the petition must be filed by not less than three creditors having provable claims; and that where less than three of the original petitioners are in fact such creditors, the joinder in the petition more than four months after the commission of the act of bankruptcy of intervening creditors having such claims, is in substance an amendment of the original petition, equiva-

lent to the filing of a new petition, which does not validate the original petition *ab initio* or authorize an adjudication of bankruptcy to be made under it based upon an act of bankruptcy committed more than four months before the requisite number of creditors entitled to maintain it had become petitioners.

However, the filing of a petition, sufficient upon its face, by three petitioners alleging that they are creditors holding provable claims of the requisite amount, the insolvency of the defendant and the commission of an act of bankruptcy within the preceding four months, clearly gives the bankruptcy court jurisdiction of the proceeding. *Re New York Tunnel Co.* (C. C. A.), 166 Fed. 284, 285; *Re Bolognesi* (C. C. A.), 223 Fed. 771, 772. And while, under §. 59b, as held in *Cutler* v. *Ring Co.* (C. C. A.), 264 Fed. 836, 838, it is indispensable to the maintenance of the petition that the existence of three petitioners holding provable claims be established, if challenged, the argument in behalf of the opposing creditors erroneously assumes that these must be three original petitioners, and fails to give due weight to the plain provisions of § 59f supplementing and modifying the provisions of § 59b in this respect. Section 59f provides in unambiguous language that creditors other than the original petitioners may " at any time " enter their appearance and " join in the petition." The right thus conferred is not limited to the period of four months after the commission of the act of bankruptcy alleged in the petition, either expressly or by implication; the only limitations as to point of time being those necessarily implied, that, on the one hand, the petition cannot be joined in after it has been dismissed and is no longer pending, and that, on the other hand, it must be joined in before the adjudication is made. Such intervention by other creditors is not an amendment to the original petition or equivalent to the filing of a new petition, but is, in the specific language of the act, a

" joining in " the original petition itself.   And other creditors thus joining in the original petition necessarily acquire the status of petitioning creditors as of the date on which the original petition was filed, and may thereafter avail themselves of its allegations, including those relating to the commission of the act of bankruptcy, as fully as if they had been original petitioners.

We therefore conclude that where a petition for involuntary bankruptcy is sufficient on its face, alleging that the three petitioners are creditors holding provable claims and containing all the averments essential to its maintenance, other creditors having provable claims who intervene in the proceeding and join in the petition at any time during its pendency before an adjudication is made, after as well as before the expiration of four months from the alleged act of bankruptcy, are to be counted at the hearing in determining whether there are three petitioning creditors qualified to maintain the petition. it being immaterial in such case whether the three qualified creditors joined in the petition originally or by intervention.

The decisions in the Circuit Courts of Appeals and District Courts are to this effect: *Re Stein* (C. C. A.), 105 Fed. 749; *Re Bolognesi* (C. C. A.), *supra,* p. 773; *Re Romanow* (D. C.), 92 Fed. 510; *Re Mammouth Lumber Co.* (D. C.), 109 Fed. 308; *Re Mackey* (D. C.), 110 Fed. 355; *Re Charles Town Light Co.* (D. C.), 183 Fed. 160. And see *Re Plymouth Cordage Co.* (C. C. A.), 135 Fed. 1000; *Stevens* v. *Mercantile Co.* (C. C. A.), 150 Fed. 71; *Ryan* v. *Hendricks* (C. C. A.), 166 Fed. 94; *First State Bank* v. *Haswell* (C. C. A.), 174 Fed. 209; *Re Etheridge Furniture Co.* (D. C.), 92 Fed. 329; *Re Bedingfield* (D. C.), 96 Fed. 190; *Re Gillette* (D. C.), 104 Fed. 769; *Re Vastbinder* (D. C.), 126 Fed. 417; and *Re Crenshaw* (D. C.), 156 Fed. 638.   The cases of *Despres* v. *Galbraith* (C. C. A.), 213 Fed. 190, and *Trammell* v. *Yarbrough* (C. C. A.), 254 Fed. 685, upon which the opposing credi-

tors chiefly rely, are clearly distinguishable in their essential aspects. In the *Despres Case* the original petition had been dismissed and the intervening creditors did not join in it but filed a new petition; and, despite the somewhat broad language used in the opinion, it was obviously not intended to modify or overrule the prior decision of the same court in *First State Bank* v. *Haswell, supra,* which was cited with approval (p. 192). And in the *Trammell Case* other creditors were not permitted to reopen a proceeding in which the original petition had been dismissed, as being not an intervention in a pending proceeding but the institution of a new one.

The question, upon which the decisions show a conflict of opinion, as to the joinder of an intervening creditor in an original petition insufficient upon its face, is not here involved and is not determined.

Finding, for the foregoing reasons, no error in the decree of the Circuit Court of Appeals, it is

*Affirmed.*