### CENTRAL STATE BANK OF JACKSON, MICH., v. HARRINGTON et al.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1925.)

No. 4150.

**1. Bankruptcy ⟨⇒⟩89(1)—Members of partnership in hands of receiver cannot represent partnership.**

Where a partnership was in the hands of a receiver when an involuntary petition was filed against it, the partners cannot answer for the partnership, and an admission of the allegations of the petition in an answer filed by them does not have the effect of a voluntary petition by the partnership, though it may be considered in determining the question of insolvency and other issues.

**2. Bankruptcy ⟨⇒⟩89(1)—Averment in answer on information and belief held sufficient.**

A statement, in the answer filed by an intervening creditor to an involuntary petition, that "it is informed and believes" that one of the petitioners is not a creditor and did not lend the money to bankrupts as alleged, *held* sufficient under equity rule 30, and to raise an issue on which he was entitled to be heard.

Appeal from the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Involuntary proceeding by Harold M. Harrington and others against Blanche Harrington, Arthur C. Adams, and Jay B. Thompson, individually and as partners as. the T. H. & A. Coal Company, alleged bankrupts. The Central State Bank of Jackson, Mich., appeals from an order of adjudication. Reversed and remanded.

Blanche Harrington, Arthur C. Adams, and Jay B. Thompson were partners doing business under the firm name and style of the T. H. & A. Coal Company. Two of the partners, Blanche Harrington and Arthur C. Adams, brought action in the circuit court of the county of Jackson, in the state of Michigan, against the other partner, Jay B. Thompson, for dissolution and accounting of the partnership property and for the appointment of a receiver. Jay B. Thompson filed an answer to this bill of complaint denying certain allegations therein and further averring that he had no objection to a dissolution and accounting or to the appointment of a proper and impartial receiver. A receiver was appointed, and authorized and directed to operate the partnership business. It shortly appearing that the business could not be operated at a profit, the property was ordered sold, and on September 8, 1923, an order confirming the sale was entered by the court, and the receiver directed to hold the proceeds pending an involuntary bankruptcy proceeding, brought against the partnership and the several partners above named, by Harold M. Harrington, John Walker, and R. G. Royce on August 22, 1923.

The petition filed in bankruptcy proceedings averred that each of the plaintiffs were creditors of the partners and partnership in certain amounts; that the partnership and all of the partners were insolvent; that while insolvent, and within four months next preceding the date of filing of the petition, they had committed an act of bankruptcy by causing the partnership property to be placed by a state court in the hands of a receiver. It was also averred that the partnership and partners had committed certain other acts of bankruptcy by preferential payments to unsecured creditors.

The State Bank of Michigan, being a creditor of this partnership, intervened and filed an answer denying insolvency of the partnership and partners; that they or either of them had committed the acts of bankruptcy charged in the petition, and averred that "it is informed and believes that Harold M. Harrington, one of the alleged petitioning creditors who filed the petition, is not a creditor of the partnership and did not loan one thousand dollars to the partnership, as averred in the petition."

When the issue joined by the petition and the answer of the intervening creditor came on to be heard, leave was granted to Blanche Harrington and Arthur C. Adams to file an answer. The answer filed by these two partners reads as follows: "Now come the above named respondent, T. H. & A. Coal Company, and Blanche Harrington and Arthur C. Adams, individually, and admit the allegations set forth in the above-named petition, and the willingness of said T. H. & A. Coal Company and Blanche Harrington and Arthur C. Adams, individually, to be adjudicated bankrupts."

Upon the issue joined by the petition and the answer of the intervening creditor, the petitioners offered in evidence the record in the case of Blanche Harrington and Arthur C. Adams v. Jay B. Thompson, in the action for dissolution and accounting in the circuit court of Jackson county, Mich. From this record it appears that, although the petition and answer averred solvency of the partnership and the partners, nevertheless that court found as a fact that the partnership was insolvent at the time of the appointment of the receiver.

The intervening creditor offered evidence tending to prove that one of the petitioners, Harold M. Harrington, was not a creditor of the partnership, which evidence was rejected by the court, and an order entered adjudging the partnership and the several copartners bankrupt and ordering a reference. From this order and decree of the bankruptcy court the Central State Bank of Jackson, Mich., prosecutes this appeal.

Richard Price, of Jackson, Mich., for appellant.

Noble T. Lawson, of Detroit, Mich. (Anderson, Wilcox, Lacy & Lawson, of Detroit, Mich., on the brief), for appellees.

Before DONAHUE and MACK, Circuit Judges, and ROSS, District Judge.

DONAHUE, Circuit Judge (after stating the facts as above). [1] The answer purporting to be the answer of the T. H. & A. Coal Company, Blanche Harrington, and Arthur C. Adams, filed by these two partners, is not the answer of the partnership. The partnership property and business was then in the custody and control of a receiver. The authority of these two partners to control its affairs, either as partners or agents of the partnership, or their nonconsenting partner, ended when the receiver was appointed, and the property taken over and the business conducted by him. The answer, therefore, must be taken as the answer of Harrington and Adams only, and as such it cannot be given the effect of a petition of the partnership in voluntary bankruptcy. This does not mean that one or more partners may not, during the continuance of the partnership, file a petition in voluntary bankruptcy and that the procedure thereunder as to the nonconsenting partner or partners shall be the same as in an involuntary proceeding. That question is not presented in this case. This answer does not purport to be a voluntary petition in bankruptcy by the partnership and it lacks all the essential elements of such petition. A situation somewhat similar was presented in the case of Canute Steamship Co., Ltd., et al. v. Pittsburgh & West Virginia Coal Co. et al., 263 U. S. 244, 44 S. Ct. 67, 68 L. Ed. 287. In that case the bankrupt withdrew its answer, denying that it was insolvent, and denying that one of the petitioners was a creditor and had a provable claim, and consented to an adjudication in bankruptcy. No importance was attached to this action on the part of the bankrupt, but the same questions presented by the answer of an intervening creditor were heard and determined adversely to the intervening creditor upon wholly different reasons.

This answer, however, and the fact that the other partner was in default for answer, should be considered by the court in determining the question of solvency and the issue as to acts of bankruptcy committed by the partnership within the four months next preceding the filing of the petition. Upon both of these issues the finding of the court is fully sustained by the evidence.

[2] The primary question, however, is whether the three petitioning creditors were, in fact, bona fide creditors of the partnership. The petition averred "that your petitioners are creditors of the said Blanche Harrington, Arthur C. Adams, and Jay B. Thompson, as individuals and copartners of the T. H. & A. Coal Company, having provable claims against them in the aggregate in excess of securities held by them in the sum of upwards of five hundred dollars; * * * that the nature and amount of petitioners' claims are as follows: Harold M. Harrington, money loaned to the said Blanche Harrington, Arthur C. Adams, Jay B. Thompson, individually and as copartners of the T. H. & A. Coal Company, aggregating the sum of $1,000, no part of which has been paid." The petition further averred that there was due R. G. Royce for mer-

chandise $6.25 and to John Walker for merchandise $5.17.

It is averred in the answer of the intervening creditor, the Central State Bank of Jackson, Mich., that "it is informed and believes that Harold M. Harrington, one of the alleged petitioning creditors, who filed said petition, is not a creditor of said partnership, and did not loan the said $1,000 as averred in said petition." It is claimed, however, that this averment does not amount to a denial of the allegation that Harrington is a creditor, and that it does not come within the provisions of equity rule No. 30, which provides, among other things, that where the defendant is without knowledge he shall so state, and that such statement shall operate as a denial. We think this averment of the answer fully meets the requirement of rule 30, and that the averment that the intervening creditor is informed and believes that Harold M. Harrington is not a creditor of the partners or partnership, and that he had not loaned them $1,000 as averred in the petition, is sufficient joinder of issue upon this question of fact, and that this was a question upon which the intervening creditor was entitled to be heard. Canute Steamship Co. v. Pittsburgh & West Va. Coal Co., supra.

The evidence offered on the part of the intervening creditor was competent and relevant to this issue. Its rejection was prejudicial error. Decree reversed, and cause remanded for further proceedings in accordance with this opinion.