## In re SEIFRED.

## SEIFRED v. FIRESTONE TIRE & RUB-
BER CO. et al.

(Circuit Court of Appeals, First Circuit.
March 27, 1925.)

No. 1774.

**1. Bankruptcy ⊂⇒81(1)—Allegation in involuntary petition held distinct allegation that number of creditors was less than 12.**

Allegation in involuntary petition, that "we understand, believe, and allege that there are less than 12 creditors," was not made on information and belief, but was distinct allegation that number of creditors was less than 12; "understand" and "believe" being surplusage.

**2. Bankruptcy ⊂⇒88(2)—Intervening petitioner may be counted to make requisite number.**

Under Bankruptcy Act, § 59f (Comp. St. § 9643), an intervening petitioner may be counted to make up number of creditors to support involuntary petition.

**3. Bankruptcy ⊂⇒463—Power of attorney to sign involuntary petition held part of record, where master found it was filed with District Court clerk.**

Power of attorney to sign involuntary petition for corporation was part of record, where master found that it was filed with clerk of District Court, regardless of whether it was formally offered in evidence before master.

**4. Bankruptcy ⊂⇒22—General orders of Supreme Court have force and effect of law.**

General Orders of Supreme Court have force and effect of law.

**5. Bankruptcy ⊂⇒82—Power of attorney to sign involuntary petition for corporation held sufficient.**

Power of attorney to sign involuntary petition for corporation, executed by vice president, who swore that he was authorized by board of directors to execute power, was sufficient, under General Orders of Supreme Court, No. 21, par. 5.

**6. Bankruptcy ⊂⇒82—Letter of attorney to sign involuntary petition for corporation held prima facie evidence of its allegations.**

Letter of attorney to sign involuntary petition for corporation, verified as required by Bankruptcy Act (Comp. St. §§ 9585–9656) and General Orders of Supreme Court, No. 21, par. 5, is prima facie evidence of its allegations.

**7. Bankruptcy ⊂⇒82 — Agent of corporation held authorized to sign bankruptcy petition for corporation.**

Where verification of involuntary petition showed that treasurer, cashier, and chief financial officer were not within district, duly authorized agent by letter of attorney was authorized to sign petition, under rule of District Court authorizing such agent to act for corporation in such cases.

4 F.(2d)—20

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

In the matter of William K. Seifred, bankrupt. From a decree of the District Court (293 F. 936) adjudging him an involuntary bankrupt, on petition of the Firestone Tire & Rubber Company and others, the bankrupt appeals. Affirmed.

Mark M. Horblit, of Boston, Mass. (Horblit & Wasserman, of Boston, Mass., on the brief), for appellant.

Philip R. Ammidon and Ammidon, Bicknell & Ryan, all of Boston, Mass., for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a decree of the United States District Court for the District of Massachusetts adjudicating the appellant a bankrupt on an involuntary petition in bankruptcy signed by the Firestone Tire & Rubber Company, by E. D. Manley, styling himself "duly authorized agent to sign this petition," by the Pennsylvania Rubber Company, by John C. Jones, Jr., "duly authorized agent to sign this petition," and by the B. F. Goodrich Rubber Company, which, before adjudication, was admitted as an intervening petitioning creditor.

The act of bankruptcy set out in the petition, which was amended as to its date before adjudication, was as follows:

"That on the 1st day of May, 1923, the bankrupt did make an assignment for the general benefit of his creditors to Mark M. Horblit."

The petition, as filed, contained the following allegation:

"We understand, believe, and allege that there are less than 12 creditors."

At the time the petition was filed there was also filed a power of attorney to Manley, executed by the Firestone Tire & Rubber Company, by J. W. Thomas, vice president, under the seal of that company, attested by its secretary, B. M. Robinson. This was executed on the 9th day of May, 1923, and was duly proved and acknowledged before a notary public in the state of Ohio, before whom the said J. W. Thomas, as vice president, and B. M. Robinson, as secretary, acknowledged that the seal affixed to said instrument was the corporate seal of the Firestone Tire & Rubber Company, and that they had signed and sealed said power of attorney by authority of a vote of the board

of directors of said company. A letter of attorney to John C. Jones, Jr., executed, evidently, by the treasurer of the Pennsylvania Rubber Company, was also filed. This does not appear in the record; but the master has found that it was filed. With the petition there was also filed the acknowledgment by E. D. Manley and John C. Jones, Jr., before a notary public in Massachusetts, verifying the petition and stating that they had knowledge of the facts contained in it, and that neither the treasurer, chief financial officer, or agent of either corporation was within the district of Massachusetts.

The petition was referred to a special master to ascertain and report facts. As a result of a stipulation between the counsel for the petitioning creditors and the counsel for the bankrupt, the master reported that the Firestone Tire & Rubber Company was a corporation organized under the laws of West Virginia, having a usual place of business in Boston; that the Pennsylvania Rubber Company was a corporation organized under the laws of Pennsylvania, having a usual place of business in Boston; that the said corporations were at the time of the filing of the petition, and still were at the time of the making of the report, creditors of the alleged bankrupt in a sum exceeding $500; that on July 6, 1923, the B. F. Goodrich Rubber Company filed an intervening petition, and that it was at the time of the filing of the petition and at the time of the master's finding a creditor of the alleged bankrupt. The master further found:

"That, with regard to the Firestone Tire & Rubber Company, one Edward Manley signed the voluntary petition in behalf of said creditor, and on the same day that the petition was filed in court an alleged power of attorney was also filed, purporting to authorize said Manley to sign said petition, but there was no evidence before me to prove said power of attorney, or to show any authorized vote of the company in the matter, except so far as the petition and the filing in court of the alleged power of attorney may be construed to show this.

"That with regard to said Pennsylvania Rubber Company I find that on the same day that the petition was filed in court an alleged power of attorney was also filed, purporting to authorize one John C. Jones, Jr., which same name appears also as signing said petition in behalf of said Pennsylvania Rubber Company, was filed in this court, but there was no evidence before me to prove said power of attorney, or to show any authorized vote of the company in the matter,

except so far as the petition and the filing in court of the alleged power of attorney may be construed to show this.

"I further find that neither the treasurer, cashier, nor chief financial officer or agent of the Firestone Tire & Rubber Company was within the district of Massachusetts at the time of the filing of the petition.

"There was no testimony offered as to the allegation in the petition that said John C. Jones, Jr., had knowledge of the facts contained in this petition, and that neither the treasurer, cashier, nor chief financial officer or agent was within this district.

"I find that on May 1, 1923, the alleged bankrupt made a general assignment for the benefit of creditors to Mark M. Horblit of said Boston.

"The above findings are made at the request of counsel in the case to supplement the issue raised in the pleadings and the amendments thereto (which were agreed to be filed at the hearing before me), and without prejudice to right of counsel to raise any other questions which may be raised by the pleadings, in order to bring before the court the following questions:

"First. Whether the allegation in the petition that the petitioning creditors understand, believe, and allege that there are less than 12 creditors is sufficient to support the petition.

"Second. Whether a petition may be signed by an agent of the corporation, where the treasurer, chief financial officer, or agent is not within this district, where the authority is as shown in the petition itself, the amendment thereto, and in said alleged powers of attorney."

A motion to dismiss the petition had been filed by the bankrupt before the order of reference to the master, assigning as reasons for dismissal that there was no allegation in the petition that there were in fact less than 12 creditors at the date of its filing; that the allegation that said alleged creditors "understand, believe, and allege that there are less than 12 creditors is not sufficient in law to enable the petitioners to maintain said petition"; also that the petition was not executed or filed by any person having authority in law to act for said petitioners in signing and filing the same.

In his answer the bankrupt denied that the petitioners were creditors and held provable claims amounting in the aggregate to the sum of $500, or that he had committed the act of bankruptcy alleged in the petition. By stipulation these defenses were afterwards abandoned, and it was admitted that

the petitioners were creditors holding claims exceeding in the aggregate the sum of $500, and that the bankrupt had made a general assignment as alleged in the petition.

In his answer the bankrupt denied the authority of the persons purporting to act for said alleged creditors in executing and filing said petition, and that his creditors were less than 12, as alleged in the petition, and to his answer he annexed a schedule containing the names and addresses of his creditors.

Upon the report of the master the District Court adjudicated the appellant a bankrupt, and in its opinion stated that there was no reason why the allegation as to the number of creditors should not be made on information and belief, and that the allegation as to the number of creditors was sufficient.

[1, 2] We think the allegation as to the number of creditors was not made upon information and belief. The allegation is:

"We understand, believe, and allege that there are less than 12 creditors."

Here is a distinct allegation that the number of creditors is less than 12. The allegation, of course, must have been made on some understanding and belief, and the words "understand" and "believe" may be treated as surplusage.

The petition, therefore, was sufficient on its face, and, this being so, creditors "other than original petitioners * * * could at any time enter their appearance and join in the petition. * * *" Bankruptcy Act, § 59f (Comp. St. § 9643).

As the B. F. Goodrich Company was allowed to intervene and become a petitioning creditor before adjudication, the petition, when acted upon by the court, was signed by three petitioners, and the appellant could be legally adjudicated a bankrupt upon it. See Canute S. S. Co. v. Pittsburg Coal Co., 263 U. S. 244, 44 S. Ct. 67, 68 L. Ed. 287.

[3-5] It is urged in argument that the power of attorney signed by the vice president and secretary of the Firestone Tire & Rubber Company, purporting to confer authority upon E. D. Manley, who signed the involuntary petition for that company, was not offered in evidence before the master; but the master found that it was filed with the clerk of the District Court, and, whether formally offered in evidence before the master or not, it forms a part of the record in the case and is before us. But it is contended that this power of attorney should not have been received as evidence that E. D. Manley was appointed the duly authorized agent of that corporation, because there was no evidence of any vote authorizing the vice president to sign the power of attorney, and

because the statement in its acknowledgment that it was executed by authority of the board of directors was nothing more than a declaration by the agent himself as to his authority.

General Orders of the Supreme Court have the force and effect of law, and No. 21, paragraph 5, is as follows:

"Five. The execution of any letter of attorney to represent a creditor or of an assignment of claim after proof may be proved or acknowledged before a referee or a United States commissioner or a notary public. When executed on behalf of a partnership or of a corporation the person executing the instrument shall make oath that he is a member of the partnership or a duly authorized officer of the corporation on whose behalf he acts."

This power of attorney was executed in accordance with this provision, and, as required by it, the vice president made oath that he was the duly authorized officer of the corporation in executing the letter of attorney, and further stated that this authority was conferred by its board of directors.

The District Court found that the authority of the agent to sign the petition was shown in the case of Firestone Tire & Rubber Company, but not in the case of the Pennsylvania Rubber Company, but that this was an amendable defect, and the petitioners, as creditors, were given leave to prove the authority of the treasurer, in the case of the latter company, to sign a power of attorney.

A stipulation was then filed, in which counsel agreed that, if the deposition of the treasurer of the Pennsylvania Rubber Company were taken, he would testify that, under the authority conferred upon him as treasurer by the corporation, he had authority to give the power of attorney which he gave John C. Jones, Jr., to sign the petition in behalf of the Pennsylvania Rubber Company.

[6] Counsel contends that, under the Bankruptcy Act (Comp. St. §§ 9585–9656) and the General Orders in Bankruptcy, the authority of an agent to file an involuntary petition must be established in the same manner as if the issue as to the authority of the agent were raised in a case in equity or in an action at law. This same position was taken in Whitney v. Dresser, 200 U. S. 532, 535, 26 S. Ct. 316, 50 L. Ed. 584, in relation to the effect to be given to a proof of claim, and it was there stated that "bankruptcy proceedings are more summary than ordinary suits," that upon the filing of a general objection it is necessary for the ob-

jector to go forward and introduce evidence, and that the claim is regarded as having a certain standing established by the oath and "must have some probative force." See, also, In re Welborne (D. C.) 266 F. 385; International Harvester Co. of America v. Carlson, 217 F. 736, 133 C. C. A. 430 (C. C. A. Eighth Circuit); In re United Wireless Telegraph Co. (D. C.) 201 F. 445.

· If a proof of claim, duly verified as required by the Bankruptcy Act and the General Orders, is prima facie evidence of the allegations which it contains, we think a letter of attorney, executed in conformity with the act and the General Orders, is also prima facie evidence of the allegations which it contains.

Under the provision of the General Orders hereinbefore referred to, a letter of attorney is to be "proved or acknowledged," and, as said by the court in Whitney v. Dresser, supra, page·535 (26 S. Ct. 317):

"Some force, also, may be allowed to the word 'proof' as used in the act. Convenience undoubtedly is on the side of this view. Bankruptcy proceedings are more summary than ordinary suits. Judges of practical experience have pointed out the expense, embarrassments and delay which would be caused if a formal objection necessarily should put a creditor to the production of evidence or require a continuance. * * * We believe that the understanding of the profession, the words of the act and convenient and just administration all are on the side of treating a sworn proof of claim as some evidence, even when it is denied."

As no evidence was introduced by the appellant to show that the allegations in either letter of attorney were not true, they were properly accepted as evidence of the authority of E. D. Manley and John C. Jones, Jr., to sign the petition as the duly authorized agents of the Firestone Tire & Rubber Company and Pennsylvania Rubber Company, respectively.

[7] Although the master reported that there was no evidence that ·the treasurer, cashier, or chief financial officer of the Pennsylvania Rubber Company was within the district, yet in the verification of the petition this does appear. Therefore there was in the case of each corporation a compliance with the rule of the District Court which authorizes a duly authorized agent to act for the corporation in case its treasurer, cashier, or chief financial officer is not within the district.

· The decree of the District Court is affirmed.