**McKESSON & ROBBINS, Inc., et al. v. MORRIS TRAVIS DRUG CO. et al.**

**No. 8103.**

Circuit Court of Appeals, Sixth Circuit.

Sept. 18, 1939.

Thomas L. Poindexter, of Detroit, Mich. (Leib & Berris, Oscar D. Berris, and Thomas L. Poindexter, all of Detroit, Mich., on the brief), for appellants.

John D. Sullivan, of Detroit, Mich. (John D. Sullivan, of Detroit, Mich., on the brief), for appellees.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

HICKS, Circuit Judge.

On March 2, 1938, McKesson & Robbins, Inc., and two other creditors filed an involuntary petition in bankruptcy against Morris Travis Drug Company. The petition alleged that the petitioners were creditors holding provable claims of the requisite amount; the insolvency of the Drug Company; and the commission of an act of bankruptcy in the preceding four months. The filing of the petition therefore gave the bankruptcy court jurisdiction of the proceeding. Canute S. S. Co. v. Pittsburgh Coal Co., 263 U.S. 244,

248, 44 S.Ct. 67, 68 L.Ed. 287. The record indicates that process issued against the alleged bankrupt on March 2, returnable March 12, and was served on March 7, 1938.

The alleged bankrupt failed to appear within the time limit fixed by the statute and on March 18 was adjudged a bankrupt and the matter was referred to referees.

On March 19, 1938, George B. Morris, Receiver of the alleged bankrupt under appointment by the Circuit Court for Wayne County, Michigan, filed an answer to the involuntary petition in which he admitted all its jurisdictional averments. However, he averred in the answer that on August 31, 1936, the Drug Company had executed an assignment which had been accepted by all the creditors and that in consideration therefor the creditors had agreed to refrain from prosecuting any claim at law or in equity or in the bankruptcy court against the Drug Company while the assignment was in force. Upon these averments he prayed that the involuntary petition be dismissed.

■ It may be observed that this answer as appears from its filing date, was not timely, because it was filed more than five days after the return date and after the order of adjudication, but nothing else appearing, we may assume that the court in the exercise of its discretion permitted it to be filed. Bankr.Act § 18, pars. (a) and (b), 11 U.S.C.A. § 41(a, b).

It will be further noted that the answer did not controvert the facts alleged in the petition except as to the amounts of the claim which it admitted were still in the aggregate more than $500.00, and presented no issue touching the jurisdiction of the bankruptcy court. The record does not disclose that the court gave any consideration to this answer.

But, on March 31, 1938, Morris, the State court Receiver, filed a petition in the bankruptcy proceedings, averring that on September 29, 1936, pursuant to an agreement between the Drug Company and its creditors, among whom were the petitioning creditors in the involuntary bankruptcy proceeding, it made an assignment for their benefit, which assignment petitioner Morris attached to his petition as Exhibit A. His petition averred that on November 2, 1937, he, who seemed to be a principal stockholder of the Drug Company, filed a petition in the Circuit Court of Wayne County, Michigan, for dissolution of the corporation and was appointed Receiver and that as such he had conducted the affairs of the Company since that time. His petition set out in a general way how he had conducted the receivership and averred that he believed that more would be realized for creditors under his receivership than in the bankruptcy proceeding and he feared that if the affairs of the Drug Company were thrown into bankruptcy its assets would be wasted and that the interest of the creditors would be best served by allowing the Company to be administered under the receivership in the State court.

His petition further alleged that to the best of his knowledge no adjudication had been made on the involuntary petition in bankruptcy but whether he knew it or not, the fact was, as pointed out above, that there had been an order of adjudication on March 18 previously. His petition prayed that the involuntary petition in bankruptcy be dismissed, for the reasons set forth.

The petition was heard by the court and upon motion of counsel for Morris, State court Receiver, the involuntary petition was dismissed, hence this appeal.

■ The action of the court was erroneous. The Morris petition makes no attempt to challenge the jurisdiction of the court over the involuntary petition in bankruptcy, which, as pointed out, was regular upon its face. The court did not find that it was without jurisdiction. It said:

"Well, I am going to send you back to the Circuit Court. There are creditors over there, and there is no use in having additional expense for an additional receiver or trustee here. It has been pending there. Now, the expense has already been undergone in the Circuit Court. Nothing detrimental to the estate happened over there. . . . The merits of the bankruptcy I am not going into. I am merely enunciating the rule that unless under some specially urgent circumstances, where the Circuit Court made charges of mismanagement or something seriously detrimental to the estate, I will not oust their jurisdiction and take it over here, but let it stay where it is. They are handling it over there by trustee or equitable receiver or whatever it may be, and unless there is something known to be detrimental to the estate,—and there is no such showing here to change the administration of this es-

tate, I don't think there has been shown any sufficient reason for it."

In the first place, the court was unauthorized to make such an order upon nothing more than the unanswered petition. The Equity Rules control (General Orders in Bankruptcy XXXVII, 11 U.S.C.A. following section 53) and they do not so provide.

Again, upon the filing of the involuntary petition, regular upon its face, the jurisdiction of the bankruptcy court was paramount and exclusive of all other courts until and unless it was set aside for the reasons and in the manner provided by Chapter IV, Sec. 18(d) of the Bankruptcy Act, 11 U.S.C.A. § 41(d). See also In re Watts & Sachs, 190 U.S. 1, 23 S.Ct. 718, 47 L.Ed. 933; United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 217, 32 S.Ct. 620, 56 L.Ed. 1055; Stratton v. New, 283 U.S. 318, 321, 51 S.Ct. 465, 75 L.Ed. 1060; Struthers Furnace Co. v. Grant, 6 Cir., 30 F.2d 576. The bankruptcy court may not relinquish its jurisdiction upon the ground that the assets of the estate are in the custody of a state court. The material question is, whether an act of bankruptcy was committed by the Drug Company, and if so, the estate is regarded as in custodia legis from the filing of the petition regardless of its actual custody.

The order of the bankruptcy court appealed from is set aside and the case remanded for further proceedings consistent herewith.