### In re COOPER SCHOOL OF ART, INC.

**George BRADNER; Brilliant Electric Signs, Inc.; Robert Bowers, Defendants-Appellants,**

v.

**COOPER SCHOOL OF ART, INC., and Bensch, Friedlander, Coplan & Aronoff, Plaintiffs-Appellees.**

No. 82–3373.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs May 23, 1983.

Decided June 21, 1983.

Lewis Einbund (Lead Counsel), Thomas Pavlik, Mark A. Selker, Cleveland, Ohio, for defendants-appellants.

Robert S. Balantzow, Benesch, Friedlander, Coplan & Aronoff, Jerome Leiken, Cleveland, Ohio, for plaintiffs-appellees.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and SILER, District Judge.[*]

## PER CURIAM.

This is an appeal from an award of attorney fees by the bankruptcy court which was affirmed by the district court. The parties waived oral argument and submitted this appeal on the record and briefs.

Three petitioners filed an involuntary petition for relief under Chapter XI of the Bankruptcy Act stating that all of them were creditors of Cooper School of Art, Inc. and that Cooper School was not generally paying its debts as they became due even though requested to do so on numerous occasions. After a hearing the bankruptcy judge granted Cooper School's motion to dismiss upon finding that one of the petitioners was not a creditor of Cooper School and therefore was ineligible to petition for relief. The bankruptcy judge also granted leave to the attorneys for Cooper School to file an application for compensation and attorney fees pursuant to 11 U.S.C. § 303(i)(1). The attorneys then filed a motion for compensation and attorney fees together with a brief and an exhibit showing the time spent by two attorneys and a law clerk on the case and the hourly rate charged by each. The bankruptcy judge found that the attorney fees claimed were reasonable and awarded judgment against the petitioning creditors in the amount of $3620 pursuant to 11 U.S.C. § 303(i)(1). The petitioning creditors filed an appeal to the district court which affirmed the judgment of the bankruptcy court in the amount of $3620. The appeal to this court followed.

On appeal the petitioners contend that the bankruptcy court had no jurisdiction to award attorney fees because three petitioning creditors had not joined in the involuntary petition. The petitioners rely primarily on *Canute S.S. Co. v. Pittsburgh and West Virginia Coal Co.*, 263 U.S. 244, 44 S.Ct. 67, 68 L.Ed. 287 (1923), decided under the Bankruptcy Act of 1898, arguing that the Supreme Court held the three creditor requirement necessary to give the bankruptcy court jurisdiction over the proceedings. Cooper School responds that *Canute* does not support the argument advanced by the petitioners because *Canute* held that when three creditors are named in an involuntary petition that is sufficient to vest the court with jurisdiction over the proceedings and a subsequent successful challenge to the petition by the debtor on the ground that one of the purported creditors is not a creditor does not destroy subject matter jurisdiction. Rather, Cooper School argues, failure to join three creditors is an affirmative defense which may be raised and proven by the debtor. The district court considered both arguments and concluded that the bankruptcy court had jurisdiction to award attorney fees pursuant to 11 U.S.C. § 303(i)(1)(B) after dismissal. The district court also relied on *In re Earl's Tire Service, Inc.*, 6 B.R. 1019 (D.Del.1980).

Upon consideration of the briefs and record on appeal this court concludes that the district court correctly decided the issue. The action of the district court in this case

---

[*] The Honorable Eugene E. Siler, Judge, U.S. District Courts for the Eastern and Western Districts of Kentucky sitting by designation.

satisfied all the requirements of 11 U.S.C. § 303 as set forth below:

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

\* \* \* \* \* \*

(B) a reasonable attorney's fee; or

\* \* \* \* \* \*

When a bankruptcy court dismisses a petition for involuntary proceedings under Chapter XI for failure to join three or more creditors it does not lose jurisdiction for the purpose of awarding costs and attorney fees.

The judgment of the district court is affirmed.