**In re ROYAL GATE ASSOCIATES, LTD., Debtor.**

**BROADVIEW SAVINGS BANK, Movant,**

**v.**

**ROYAL GATE ASSOCIATES, LTD., Respondent.**

**Bankruptcy No. 87–10840–ALB.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

Jan. 6, 1988.

As Amended Jan. 11 and 22, 1988.

Howell Hollis, Columbus, Ga., for movant.

Charles Ratz, Atlanta, Ga., for respondent.

## MEMORANDUM OPINION AND ORDER

JOHN T. LANEY, III, Bankruptcy Judge.

On November 30, 1987, three limited partners (hereinafter "petitioners") of Royal Gate Associates, Ltd. (hereinafter "Royal Gate") filed an involuntary Chapter 11 petition against the partnership. The three petitioners hold no claims against Royal Gate other than their limited partnership interests. On December 1, 1987, the Movant, Broadview Savings Bank (hereinafter "Broadview"), exercised its power of sale and foreclosed on its security, the real estate, which was Royal Gate's only asset. Royal Gate's general partner responded on December 17, 1987, asking that the case be converted to a voluntary Chapter 11 and an order for relief was entered by the Court.

Broadview filed its "motion to annul automatic stay for purpose of validating foreclosure sale and/or to dismiss case" on December 7, 1987, asking the Court to find that the original petition by the limited partners was filed in bad faith and to dismiss the case, and to annul the automatic stay and validate the December 1, 1987 foreclosure. The motion came on for hearing before the Court on December 29, 1987, and the Court, having considered the evidence presented, arguments of counsel, and subsequent briefs, now issues this Memorandum Opinion and Order. It was conceded by Broadview that, since the motion to dismiss was not served on all creditors pursuant to Bankruptcy Rules 1017(d) and 9013, that motion not be heard. The evidence presented at the hearing was that the debtor, Royal Gate, had only one asset, the apartment complex which Broadview held as security. With foreclosure imminent, three of the limited partners brought an involuntary petition against the partnership.

Broadview contends that the involuntary petition was invalid on its face and did not confer jurisdiction on Bankruptcy Court. It also contends that the petition was filed in bad faith. The debtor asserts that limited partners can file an involuntary petition, and it cites the case of *In re Longhorn 1979–II Drilling Program*, 32 B.R. 923 (Br. W.D.Okla.1983), for that proposition. *Longhorn*, however, is distinguishable from this case. It involved claims independent from the partnership interests that qualified the limited partners as "entities holding claims" for the purposes of 11 U.S. C. section 303(b)(2)—specifically, securities

fraud actions against the partnership seeking damages. *Longhorn* is not authority for the debtor's contention that all limited partners may be petitioners in an involuntary case solely because of their partnership interests.

■ Broadview relies on the case of *In re Equidyne Properties, Inc.*, 60 B.R. 245 (Br.S.D.N.Y.1986), which held that limited partners do not have the authority to assert partnership claims by filing an involuntary petition against the general partner. This Court finds that the rule as stated in *Equidyne* is correct, and that limited partners are not claim holders by virtue of their partnership interests and cannot bring an involuntary petition against the partnership.

11 U.S.C. section 303(b) states that "[a]n involuntary case against a person is commenced by the filing with the Bankruptcy Court of a petition under Chapter 7 or 11 of this title (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute...." Section 303 makes no provision for partners other than general partners to bring an involuntary petition. Section 303(b) and (d) provide for general partners to file an involuntary petition, but limited partners are not mentioned. The legislative history of section 303(b) also indicates that limited partners cannot file an involuntary petition based solely under partnership interests. The House Report states that "[p]artners in the partnership are not claim holders by virtue of their partnership interests, though they may independently hold non-contingent unsecured claims for purposes of 11 U.S.C. 303(b)(1).... Limited partners that independently hold non-contingent unsecured claims may qualify as claim holders for purposes of 11 U.S.C. 303(b)(2)...." P.L. No. 95–598 95th Congress 1st Sess. (1977), p. 197, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6158. The Court finds that the original petitioners are not qualified to be petitioners in this case. The Court does not, however, find bad faith in the filing of the petition.

11 U.S.C. section 362(a) provides that "a petition filed under section ... 303 of this title ... operates as a stay, applicable to all entities, of ... (4) any act to ... enforce any lien against property of the estate...." The stay is effective from the date the petition under section 303 is filed. Broadview contends that the filing of the petition is a nullity, since the petitioners were not qualified to be petitioners. The debtor says that Broadview has no standing to challenge the filing of the petition. A creditor does not have standing to oppose an involuntary bankruptcy petition. "Under section 303(d) of the Bankruptcy Code, only a debtor, or a partner in a partnership debtor, may file an answer to an involuntary bankruptcy petition." *In re Earl's Tire Service, Inc.*, 6 B.R. 1019, 1021 (D.Del.1980). "The appellant here [a creditor] has no right to challenge the pleadings in opposition to the petition in involuntary bankruptcy." *Commercial Credit Corp. v. Skutt*, 341 F.2d 177, 180 (8th Cir.1965).

■ The Court agrees with the cases holding that a creditor has no standing to challenge the filing of an involuntary petition. If however, as Broadview claims, the Bankruptcy Court lacked subject matter jurisdiction, then this Court would be obligated to notice that defect *sua sponte.* *Earl's Tire* at 1022. *Earl's Tire* holds that where the debtor was qualified to be a debtor under the Bankruptcy Code, the number of petitioning creditors was unrelated to the question of the Court's subject matter jurisdiction, and the debtor could waive its right to object to defects in the petition. *Earl's Tire* at 1022. It went on to quote *Canute Steamship Co. v. Pittsburgh Coal Company*, 263 U.S. 244, 44 S.Ct. 67, 68 L.Ed. 287 (1923). *Canute Steamship* holds that "the filing of a petition, *sufficient upon its face* ... clearly gives the Bankruptcy Court jurisdiction of the proceeding." (Emphasis added.) *Canute Steamship* at 248, 44 S.Ct. at 68. *In re Alta Title Company* also stated that the filing of a petition sufficient on its face gives the Bankruptcy Court jurisdiction over an involuntary case, and that "parties cannot confer subject matter jurisdiction

upon the Bankruptcy Court by agreement, waiver, or consent." 55 B.R. 133, 13 C.B. C.2d 1089, 1092–93 (Br.D.Utah 1985).

■ The petition filed by the limited partners here was not sufficient on its face. The petition stated that the petitioners were three limited partners, and it stated no independent claims of the petitioners, only listing the secured claim of Broadview. The petition was insufficient on its face because it was not brought by holders of claims or general partners under section 303(b). The Bankruptcy Court had no jurisdiction over this case until the response was filed on December 17 by the general partner. There was therefore no valid stay in effect until December 17. The foreclosure sale under Broadview's power of sale, held on December 1, 1987, was not in violation of the automatic stay because there was no valid stay. The Court cannot retroactively impose an automatic stay to void a foreclosure sale. *In re Lashley*, 825 F.2d 362 (11th Cir.1987).

Accordingly, it is

ORDERED that the "motion to annul automatic stay for purpose of validating foreclosure sale and/or to dismiss case", filed on December 7, 1987 by Broadview Savings Bank, is hereby granted in part and denied in part; it is further

ORDERED that that part of the motion which requests that the Court validate the foreclosure sale is hereby granted to the extent that the Court finds it was not held in violation of the automatic stay. The Court makes no finding as the value of the property, the sufficiency of the amount obtained by the sale, or the procedural aspects of the sale. It is further

ORDERED that the motion to annul the automatic stay is hereby denied, only because no valid stay was in effect on the date of the foreclosure sale, and because no cause has been shown to annul the valid stay that was in effect as of December 17, 1987; and it is further

ORDERED that the motion to dismiss the case is hereby denied, without prejudice.