**In re Leslie R. BARTH, Debtor.**

**Bankruptcy No. 5–87–00909.**

United States Bankruptcy Court,
D. Connecticut.

Jan. 18, 1990.

Leslie R. Barth, Fairfield, Conn., pro se.

Richard M. Coan, Coan, Lewendon and Royston, New Haven, Conn., Chapter 7 trustee.

James P. Brochin, Wiggin & Dana, New Haven, Conn., for Nat. Union Fire Ins. Co. of Pittsburgh, Pa.

## MEMORANDUM AND DECISION ON DEBTOR'S MOTION TO DISMISS

ALAN H.W. SHIFF, Bankruptcy Judge.

The debtor moves to dismiss his chapter 7 case. For the reasons that follow, the motion is denied.

### BACKGROUND

On December 4, 1987, United Jersey Bank/Commercial Trust ("UJB") filed an involuntary petition under chapter 7 of the Bankruptcy Code against the debtor. Code § 303(h) provides that if an involuntary "petition is not timely controverted, the court shall order relief against the debtor...." On January 12, 1988,[1] the debtor filed a motion to dismiss the involuntary petition, contending that he had more than twelve creditors.[2] On June 28, 1988, People's Bank and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") joined in the petition,[3] and on July 19, 1988, the debtor's motion was denied. The debtor failed to file an answer to the petition, *see* Bankruptcy Rule 1011(b), (c); Rule 12(a) Fed.R.Civ.P., and an order entered on September 1, 1988, which provided in part:

> An Involuntary Petition having been filed on December 4, 1987 against the above-named debtor, and it appearing that said Petition has not been timely controverted, an ORDER FOR RELIEF

under Chapter 7 of Title 11 of the United States Code is GRANTED pursuant to 11 U.S.C. Section 303(h)....

On September 30, 1988, the debtor filed a notice of appeal from the September 1 order. On November 9, 1988, the appeal was dismissed pursuant to a stipulation signed by two attorneys for the debtor. *In re Leslie R. Barth*, No. B 88–580 WWE (D.Conn. Nov. 9, 1988) (order dismissing appeal).

On December 22, 1989, the debtor filed the instant motion to dismiss and argues that the claim of People's Bank is "subject to valid dispute by the Debtor." *Motion for Dismissal of Debtor from Chapter 7 Bankruptcy* ¶ 3, at 1. The debtor's motion further contends:

> (4) Because of confusion between the Debtor's counsels [sic] over who represented him and the scope of such representation, a stipulation dismissing an appeal for [sic] an order of relief entered September 1, 1988 was entered October 31, 1989.

> (5) The Debtor appearing Pro Se, in reviewing the subject file recently, became aware of this stipulation.

> (6) Because of the status of the Debtor's representation during the Fall of 1988, justice dictates that the Court consider the Debtor's motion at this time.

*Id.* ¶¶ 4–6, at 1–2.

The debtor cites Bankruptcy Rule 9024 in support of his motion, but cites no specific provision of Rule 60(b) Fed.R.Civ.P., which is made applicable by that Bankruptcy

---

**1.** The debtor had been granted an extension of time until January 12 to respond to the petition.

**2.** Code § 303(b) provides in part:
(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
(1) by three or more entities each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, ... by one or more of such holders that hold in the aggregate at least $5,000 of such claims....

**3.** Code § 303(c) provides:
After the filing of a petition under this section but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent, other than a creditor filing under subsection (b) of this section, may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section.

Rule. It is apparent, however, from statements made by the debtor during oral argument that his motion is predicated upon Rule 60(b)(1) and (4). *See supra* at 573. In essence, the debtor argues under Rule 60(b)(1) that he relied upon his attorneys, that they neglected to challenge the claim of one or more of the petitioning creditors, and that it wasn't until September, 1989 that he first became aware of the "basis" for such a challenge. With respect to Rule 60(b)(4), the debtor argues that if the three petitioning creditors requirement of § 303(b)(1) was not met, the court did not have jurisdiction to enter the order for relief and that that jurisdictional defect can be raised at any time.

The trustee argues that the debtor has been guilty of bad faith throughout the administration of this case; that the debtor has provided no evidence that there was in fact any mistake or neglect by his attorneys; that given the fact that both of his attorneys signed the stipulation for dismissal of the appeal from the order for relief, it is inconceivable that he did not consent to the administration of the case; that the time to controvert the petition has expired; and that dismissal of the case now would be grossly unfair to creditors who have been stayed from taking any action against the debtor for two years. National Union supports the trustee's objection and adds the argument that dismissal under Code § 305(a)(1)[4] is unwarranted because it would be grossly unfair to creditors.

## DISCUSSION

### A. *Rule 60(b)*

The short answer to the debtor's claim for a dismissal of his case under Rule 60(b) is that that rule is intended to provide relief from a judgment or an order, not the dismissal of a case. If the debtor's claims were valid and if they were timely filed, he would presumably be entitled to an order which vacated the order for relief. Under that scenario, a trial would be scheduled and the petitioning creditors would have

the burden of proving that an order for relief should enter.

In order to eliminate a delay in the administration of this case which might arise from the argument that success under Rule 60(b) would require a trial under § 303, it is appropriate to address the merits of the debtor's Rule 60(b) claims. For the reasons that follow, I conclude that the debtor's Rule 60(b) arguments fail as a matter of law.

Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment.

### RULE 60(b)(1)

In order to succeed on a motion filed under Rule 60(b)(1), there must be sufficient evidence of mistake, inadvertence, surprise, or excusable neglect *and* the motion must be timely filed. No evidence was produced to support the debtor's claims, but even if there had been an attempt to satisfy the substantive aspect of the rule, the late filing constitutes a fatal procedural defect.

Rule 60(b)(1) states that motions must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." Bankruptcy Rule 9006(b)(2) provides that the "court may not enlarge the time for taking action under Rule ... 9024 ...," which adopts Rule 60(b) in all parts relevant to this discussion. The order for relief entered on September 1, 1988. Rule 60(b)(1) is therefore inapplicable.

### RULE 60(b)(4)

The concept of a void judgment is narrowly construed under Rule 60(b)(4). 7 *Moore's Federal Practice* ¶ 60.25[2], at 60–225 (2d ed. 1983). As *Moore's* treatise ob-

---

**4.** Neither the debtor's motion, supporting memorandum of law, nor opening argument placed any reliance upon § 305(a). During his rebut-

tal, the debtor argued that § 305(a) "may be a way" to dismiss the case.

serves, there are "two requisites for a valid judgment, that the court: have jurisdiction over the subject matter; and jurisdiction over the parties...." *Id.* The debtor does not raise any personal jurisdiction issue but argues that the court did not have jurisdiction to enter the order for relief because there were not three creditors whose claims were not in bona fide dispute, and that that jurisdictional defect can be raised at any time. *McLearn v. Cowen & Co.*, 660 F.2d 845, 848 (2d Cir.1981). The debtor blurs the distinction between judgments that are void and those that are merely voidable.

The number of petitioning creditors is unrelated to the issue of the court's subject matter jurisdiction, and a lack of the requisite number of petitioning creditors does not deprive the court of jurisdiction to enter an order for relief. *Mason v. Integrity Ins. Co. (In re Mason)*, 709 F.2d 1313, 1318–19 (9th Cir.1983); *Dunlop Tire and Rubber Corp. v. Earl's Tire Serv., Inc. (In re Earl's Tire Serv., Inc.)*, 6 B.R. 1019, 1022 (D.Del.1980). *See also Canute Steamship Co. v. Pittsburgh Coal Co.*, 263 U.S. 244, 248, 44 S.Ct. 67, 68, 68 L.Ed. 287 (1923) ("[T]he filing of a petition, sufficient on its face, ... clearly gives the bankruptcy court jurisdiction of the proceeding."). As the court had both subject matter and personal jurisdiction at the time the order for relief was entered, Rule 60(b)(4) is inapplicable.

RULE 60(b)(6)

■ The debtor makes no argument under Rule 60(b)(6), but in order to eliminate a motion for reargument, the applicability of that rule is considered and rejected. First, it is observed that relief under Rule 60(b)(6) "is not available unless the asserted grounds for relief are not recognized in clauses (1)—(5)." *Montco, Inc. v. Barr (Matter of Emergency Beacon Corp.)*, 666 F.2d 754, 758 (2d Cir.1981). The only grounds which the debtor has asserted are encompassed by Rule 60(b)(1) and (4). Moreover, a motion under Rule 60(b)(6) must be made "within a reasonable time...." What qualifies as a reasonable time depends on the facts and circumstanc-

es of a case, including the possibility of prejudice to other parties and the length of and reasons for a delay. *Id.* at 760. I find that creditors in this case would be prejudiced if the order for relief were vacated. The trustee and at least one significant creditor have expended a substantial number of hours on this case, largely as a result of the debtor's obstructionist tactics. Further, I find that the reasons given by the debtor for the delay in filing the instant motion are self-serving and lacking in candor. He admits that he knew that the order for relief was appealed on the ground that there were not three petitioning creditors with undisputed claims and that the appeal was dismissed pursuant to a stipulation signed by both of his attorneys. He now claims that he did not understand the basis for disputing the claim of one of the petitioning creditors. The fact is, however, that he, not his attorneys, was in the best position to know whether there was any basis for challenging the bona fides of the petitioning creditors' claims.

## B. *Code § 305*

■ Code § 305(a) provides in part:

The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension....

National Union argues dismissal would not be in its interest and the trustee claims that dismissal would not be in the creditors' best interests. In contrast, the debtor argues that the estate would be best served if he were allowed to negotiate with the creditors without the restraints of bankruptcy and that the creditors he has spoken to agree. The problem with the debtor's position is that there is no way to test its accuracy. Indeed, the credibility of the debtor's argument is sharply undercut by his repeated refusal to provide the trustee with a complete list of his creditors, although it is his obligation under the Code to do so. 11 U.S.C. § 521. National Union and the trustee are more persuasive, and I

accordingly find that dismissal under § 305(a) is not warranted.

## CONCLUSION

The objections of the trustee and National Union are sustained; the debtor's motion to dismiss is denied; and IT IS SO ORDERED.