## In re DANDRIDGE & PUGH.

## COONEY et al. v. DANDRIDGE et al.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1913.)

No. 1,929.

BANKRUPTCY (§ 460*)—APPEALS—NECESSARY PARTIES—INTERVENING CREDI-
TORS.

The general rule that parties against whom a joint judgment is ren-
dered must unite in an appeal is applicable to appeals in bankruptcy pro-
ceedings, and, on an appeal from a decree refusing to adjudge a defend-
ant bankrupt, creditors other than original petitioners who have inter-
vened and joined in the petition must join in or be severed from the ap-
peal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 919; Dec. Dig.
§ 460.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C.
C. A. 9.]

Appeal from the District Court of the United States for the Eastern
Division of the Northern District of Illinois; Kenesaw M. Landis,
Judge.

In the matter of John B. Dandridge and Spencer B. Pugh, alleged
bankrupts. From a decree dismissing the petition, Hattie O. Cooney
and the Illinois Fuel & Mining Company appeal. Appeal dismissed.

Appellants are two of the three petitioning creditors who sought an adjudi-
cation of bankruptcy against appellees. The appeal is from a decree denying
adjudication and dismissing the petition.

While the petition was pending, 19 creditors intervened and joined in the
petition pursuant to section 59f of the bankruptcy act (Act July 1, 1898, c.
541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]). The third original peti-
tioner refused to join in the appeal, and as to him the District Court made an
order of severance. But the 19 intervening creditors neither joined in the ap-
peal, nor as to them was any order of severance made.

Julius Moses and Sherman M. Booth, both of Chicago, Ill., for ap-
pellants.

Charles M. Haft, of Chicago, Ill., for appellees.

Before BAKER and KOHLSAAT, Circuit Judges, and GEIGER,
District Judge.

GEIGER, District Judge. The general rule that parties against
whom a joint judgment or order is rendered must unite in an appeal
is applicable to appeals in bankruptcy proceedings; and Mr. Loveland,
in his work on bankruptcy, volume 2, pages 1465 to 1469, after noting
instances where such rule has been applied—the particular question
before us not appearing to have been reviewed—observes:

"Where an appeal is taken from a judgment refusing to adjudge a defend-
ant bankrupt, * * * all the petitioning creditors at least, and probably
also such as may have appeared to join in the petition under section 59f,
should unite in the appeal."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 59f of the Bankruptcy Act reads as follows:

"Creditors other than original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition."

The question is directly presented respecting the standing, as parties, of the 19 creditors who intervened. The undoubted purpose of this section is to enable creditors, other than original petitioners, to acquire a standing in the proceedings such as would, with respect to those desiring to join in the prayer for an adjudication, prevent a dismissal in case it developed that original petitioners were disqualified; and to grant to those desiring to oppose an adjudication, the right to join the alleged bankrupt therein, or to assert his right in opposition in case of his failure to do so. · Whatever other object the section may have, this is true: That it was designed to furnish to creditors a summary method whereby they could make themselves parties petitioner or respondent, giving to them respectively all the rights and privileges with regard to the maintenance or defense of, the proceedings, which the law gives to original petitioners who instituted, or to the bankrupt resisting, them. It is capable of no other interpretation save that it gives to creditors so coming in by appearance and joinder in the petition or answer a definite status or standing from which they cannot be eliminated except upon a hearing which, under the law, must be accorded to original parties. If this is true, then any determination by the bankruptcy court of the matter committed to it must affect them just as it affects original parties. In other words, they have a definite status as parties. When the trial court in the present case refused an adjudication, its refusal was directed, not only to the three original petitioning creditors, but, by the force of the statute, to all those who had appeared and joined in the prayer of such petition. They cannot be subordinated to the original petitioners without frustrating the very purpose and the very benefit designed to be accomplished or conferred by the statute. It may be that original petitioners have a preferential position in the actual conduct of the proceedings; but they do not represent the interveners.

In the present matter the intervening creditors, having become parties below, were and are directly affected by the judgment; and as such were and are entitled to be heard upon review thereof. It has been urged by the two appellants who perfected this appeal, that even if appellant Cooney is no longer a competent petitioning creditor, the 19 intervening petitioners are sufficient under the law to authorize an adjudication. This, as we have indicated, was the situation in the lower court; but this suggestion conclusively demonstrates the necessity of joining the 19 interveners in, or severing them from, this appeal. Otherwise, this situation can well arise: The bankruptcy court may hold that original petitioners have not the requisite status as creditors; they alone may appeal and the appellate court may concur, but still be obliged to entertain their appeal for the benefit of other creditors who were parties below but did not join in, or were not severed from, the appeal. The result would be a determination in favor of or against appellants, who concededly bore no relation to the controversy

which was the subject-matter of the appeal—plainly a moot situation. We therefore hold that the failure to join the 19 interveners, or by appropriate proceedings to sever them from this appeal, is fatal to our jurisdiction; and the errors assigned for reversal of the decree cannot, and other grounds for the dismissal of the appeal need not, be considered.

An order may be entered dismissing the appeal.