[Civ. No. 6467. Second Appellate District, Division Two.—February 10, 1931.]

JOHN LAWRENCE CAMPBELL, Appellant, v. JULIAN MERGER MINES (a Corporation) et al., Respondents.

Roger Marchetti and Frank H. Snyder for Appellant.

David H. Cannon for Respondents.

THOMPSON (IRA F.), J.—This action was brought in the form of the common count for money had and received to recover from the defendants $5,000 paid by plaintiff for 5,000 shares of the capital stock of the corporate defendant Julian Merger Mines. Judgment was rendered in favor of the defendants and the plaintiff appeals.

It is not necessary to recite the evidence in detail. There is some evidence to the effect that the defendant C. C. Julian told plaintiff that while he did not have a permit from the corporation commissioner to sell the stock he had a federal permit, that is that the company was "incorporated under the laws of the District of Columbia, or something to that effect". The plaintiff also testified that the defendant C. C. Julian promised him a commission on the stock he might sell, but that although this stock was really purchased for his friend Samuel Kleinman he received no commission thereon. The stock was issued in plaintiff's name. His counsel during the cross-examination interposed and said: "I offered to stipulate that at the time of the 5000 stock transaction in evidence that this plaintiff knew that the Julian Merger Mines had no authority from the corporation commissioner to sell the stock and that in this transaction he was equally culpable with the Julian Merger Mines in purchasing the stock contrary to the Corporation Securities Act." Defense counsel replied: "I will accept the stipulation and stop my examination right now."

The stipulation carries us further than the fact that plaintiff knew that the defendant corporation had no permit. It connects up with the testimony concerning commissions and unequivocally says that the plaintiff is equally guilty of wrongdoing with the defendant. We need not consider in the present action what would have been the outcome had his participation been limited to a purchase with knowledge only of the nonexistence of the permit. Under the circumstances here he was not entitled to recover and the case of *Domenigoni* v. *Imperial Live Stock etc. Co.*, 189 Cal. 467 [209 Pac. 36, 39], is squarely in point. It is there said: "The entire transaction was an attempt to circumvent the law. The notes and agreements were each of them made in violation thereof and are therefore against the policy of the law, as he claims, and void. In such a case the court will give no relief even if the point is not raised by either party."

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 11, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 6, 1931.