[L. A. No. 12143. In Bank.—September 28, 1932.]

E. E. BARTON, Appellant, v. EL ENCANTO APART-MENTS, INC. (a Corporation), et al., Defendants; JULIA M. PORTER et al., Respondents.

Kimball Fletcher for Appellant.

Thomas A. Sanson for Respondents.

PRESTON, J.—In this cause two of the defendants answered and were given judgment, from which plaintiff appealed. Later the appeal as to respondent, Mrs. Garfield R. Jones, was dismissed and defendant Porter is now the only respondent.

The complaint alleged that defendant corporation proposed to construct an apartment house in Hollywood at a

cost of $4,600,000, later raised to $6,000,000, and on October 14, 1924, entered into an agreement to employ plaintiff, as its architect and engineer, to perform various services, for which he was to receive as compensation three per cent "of the actual final total cost of said apartment building", portions of one per cent thereof being payable from time to time, the remainder of said one per cent to be paid upon completion of the working plans and specifications for the building and the other two per cent to be applied upon the subscription by plaintiff to $162,700 worth of capital stock of the corporation, carrying with it ninety-nine year leases upon eight specified apartments, which stock had a par value of $100 per share and, it is alleged, would be worth that sum, had the building plans been carried out.

The pleading further alleges that on November 1, 1924, plaintiff was ready to perform under said contract and did for nine months thereafter perform all things required of him but that defendant corporation kept none of its promises, aside from giving preliminary instructions and depositing $1450 to plaintiff's credit; that plaintiff expended $713.60 in performing said contract; that his total expenses in performing it to completion would have been $29,800; that there was due, owing and unpaid to plaintiff from said defendant $150,200. The complaint further alleges, upon information and belief, that all subscribed and outstanding stock of the corporation, totaling 8,251 shares, is owned by the various stockholder defendants, in the respective proportions alleged, respondent being the holder of 166 shares thereof. The prayer is for judgment against the corporation in the sum of $150,200 as well as for judgment against each of the other defendants for "the portion of said $150,200 which the number of shares of said corporation set opposite the names of said defendants, respectively, in said schedule, bears to the total number of shares . . . subscribed, issued or outstanding" and for costs or other or further relief.

The answer of respondent contained a denial of all of the allegations of the complaint and urged, as a second defense, that plaintiff was not, at the time of the making of said alleged contract, licensed to practice the profession of architecture and, as a third defense, that said alleged contract was void because, if made at all, it was made without the ap-

proval of the commissioner of corporations and in violation of the permit issued for the subscription and sale of the capital stock of said corporation.

At the conclusion of the trial two sets of findings and two judgments were made, and filed on the same day, one set relating solely to respondent Porter and the other to both said respondent and defendant Jones. The conclusion reached in these documents is identical and their language is similar. Not the slightest inconsistency appears in either the findings or the judgments; hence the two·sets will be considered as forming together the findings and judgment of the court below. The court found, in substance, that the various allegations of the complaint were untrue; that the alleged contract upon which the cause of action is based, was void as in contravention of the Corporate Securities Act and that appellant was not a duly certified architect.

The case does not merit extended consideration. No prejudicial error appears in the record with respect to the admission or rejection of testimony and all essential findings and the judgments have ample support in the evidence, notwithstanding the claims of appellant to the contrary; particularly, the record shows the stock subscription of respondent to have been conditional, depending upon contingencies which did not arise.

The purported agreement, in substance, as alleged in the complaint, between appellant and the corporation, was clearly violative of the terms of the said permit in that it provided mainly for an exchange of services in return for a credit on a subscription by appellant to $162,700 worth of capital stock of said corporation. The provisions of the permit authorized only sales for not less than forty per cent in cash, with the balance to be paid within a specified period. No exchange such as contemplated by the above agreement was sanctioned; hence said agreement was void. (*Domenigoni* v. *Imperial Livestock & Mortgage Co.*, 189 Cal. 467 [209 Pac. 36]; *Imperial Livestock Co.* v. *Tracy*, 208 Cal. 205 [281 Pac. 50]; *Gridley* v. *Tilson*, 202 Cal. 748 [262 Pac. 322].) It is evident that the court below reached the only conclusion proper in this cause.

The judgment is affirmed.

Tyler, J., *pro tem.*, Shenk, J., Waste, C. J., Langdon, J., and Curtis, J., concurred.