[L. A. No. 13069. In Bank.—March 29, 1933.]

I. W. RANDALL et al., Respondents, v. CALIFORNIA LAND BUYERS SYNDICATE (a Corporation) et al., Appellants.

Harrison G. Sloane and Gray, Cary, Ames & Driscoll for Appellants.

Ed. P. Sample and William H. Wylie for Respondents.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiffs in an action against the California Land Buyers Syndicate, its directors, and its fiscal agent, to recover real property alleged to have been unlawfully received by the defendant corporation in exchange for shares of its stock, or for other appropriate relief.

At the times involved the defendant California Land Buyers Syndicate was a corporation organized under the

laws of the state of Delaware with authority to transact business in this state, and with its principal place of business in San Diego. Its business was to buy San Diego real estate and sell it at a profit. Its fiscal agent was R. L. Stewart, who had an exclusive agency for the sale of the corporation's stock at a commission to him of 20 per cent. Under an amended permit of the corporation commissioner the corporation was authorized to sell units consisting of one investment share and one common share of its capital stock for the sum of $30 per unit, cash.

The plaintiffs were the owners as joint tenants of real property in San Diego consisting of a lot and eight flats. The pleadings admit that the value of this property was $37,500, subject to a mortgage of $7,000. In June, 1929, the plaintiffs deeded their real property to the defendant corporation, subject to the $7,000 mortgage, and received from the corporation certificates representing 1,000 of its investment shares and 1,000 of its common shares in a transaction the details of which were arranged by the fiscal agent, R. L. Stewart, and which in *People* v. *Stewart,* 115 Cal. App. 681 [2 Pac. (2d) 195], was declared to be a sale of stock for real property and not a sale for cash, and therefore in contravention of the permit authorizing sales of stock for cash only. The stock certificates issued to the plaintiffs were void pursuant to the provisions of section 12 of the Corporate Securities Act. (Stats. 1917, pp. 673, 679.) Subsequent to the receipt by it of the deed from the plaintiffs and on the same day the defendant corporation by its officers executed and delivered its deed of trust of the same property to secure a loan of $18,000 from Pacific Finance Corporation, and which was still an outstanding lien against the property at the time judgment in this action was rendered. The trial court found all of the facts favorably to the plaintiffs and rendered judgment against each and all of the defendants, with the exception of three as to whom orders of dismissal were entered, that they forthwith obtain satisfaction of all liens and encumbrances against the real property involved over the sum of $7,000, and that they execute or cause to be executed a reconveyance of the property to the plaintiffs subject to an indebtedness of $7,000, or in lieu thereof, the plaintiffs to have judgment against the defendants in the sum of $30,163.28. The corporation

and directors Fletcher and Haskell have prosecuted appeals from the judgment.

It is obvious that the judgment must stand unless the plaintiffs are *in pari delicto* with the defendant corporation; and, if the plaintiffs are not *in pari delicto* with the corporation, that it must stand also against the defendants Fletcher and Haskell unless no cause of action was stated and proved against them.

The plaintiffs, at the time of the transaction, were people of about eighty years of age. However, it is not denied that they knew that their property was to be taken in exchange for stock. Furthermore, the pleadings admit that the plaintiffs had seen a copy of the permit issued to the defendant corporation. It is upon these two facts appearing in the record that the appellants base their contention that the case of *Domenigoni* v. *Imperial Livestock etc. Co.*, 189 Cal. 467 [209 Pac. 36], applies to prevent the granting of any affirmative relief to the plaintiffs. The appellants do not, and in fact, on the record presented, cannot charge the plaintiffs with any conspiracy or intent to defraud, as in the Domenigoni case, or any conduct making it inequitable to grant the relief sought, as in *Michell* v. *Grass Valley Gold Mines Co.*, 206 Cal. 609 [275 Pac. 418], or conduct excluding the buyer from obtaining relief at the hands of the court, as in *First Nat. Bank* v. *Thompson*, 212 Cal. 388, 407 [298 Pac. 808]. No facts are presented sufficient to take this case out of the operation of the general rule and within the exceptions noted in those cases. It is no longer questioned that the general rule stated in *Tatterson* v. *Kehrlein*, 88 Cal. App. 34 [263 Pac. 285], wherein the plaintiffs recovered damages, applies to a case such as is here presented. ▮ That rule is stated (at page 49) to be that "The penalties prescribed by the Corporate Securities Act being all laid on the seller and none on the buyer, and the statute being for the benefit and protection of buyers, the parties are not *in pari delicto,* and the buyer may have judgment for the money paid out by him under the illegal contract, and may have the contract, the stock certificates and promissory note given in payment of such stock canceled . . . (citing cases)." That statement has been followed or recognized as the general rule in other cases. (*Eberhard* v. *Pacific Southwest L. & M. Corp.*, 215 Cal. 226 [9 Pac. (2d) 302]; *Walker*

v. *Harbor Realty etc. Corp.*, 214 Cal. 46 [3 Pac. (2d) 557];
*Pollak* v. *Staunton*, 210 Cal. 656, 662, 663 [293 Pac. 26];
*Olds* v. *Simmons*, 123 Cal. App. 275 [11 Pac. (2d) 36]; *Mc-Clory* v. *Dodge*, 117 Cal. App. 148, 152 [4 Pac. (2d) 223];
*Becker* v. *Stineman*, 115 Cal. App. 740 [2 Pac. (2d) 444];
*Rossi* v. *Jedlick*, 115 Cal. App. 230, 235 [1 Pac. (2d) 1065];
*Castle* v. *Acme Ice Cream Co.*, 101 Cal. App. 94, 99 [281
Pac. 396]; *Hemmeon* v. *Amalgamated C. Mines Co.*, 95 Cal.
App. 400, 402 [273 Pac. 74].)    ▊    Although the parties
seeking affirmative relief, i. e., the buyers of such stocks, may
be in some degree guilty with the parties against whom the
relief is sought, they will be denied relief only where the
record shows that they are equally culpable (*Campbell* v.
*Julian Merger Mines*, 111 Cal. App. 649 [295 Pac. 1040]);
and, considering the object and purpose of the Corporate
Securities Act, mere knowledge of the terms of the permit
or of the fact that no permit has been issued, may not alone
be sufficient to raise the guilt of the purchaser or subscriber
to that degree. (*In re Builders' Finance Assn., Inc.*, 26
Fed. (2d) 123; *Walker* v. *Harbor Realty etc. Corp., supra;
Olds* v. *Simmons, supra.*)    The plaintiffs here were there-
fore not *in pari delicto* with the corporation.

The defendants Fletcher and Haskell contend that the
causes of action stated by the plaintiffs and the theory of the
action sound in equity for rescission only and seek a return
to them of the property conveyed or the value thereof; there-
fore, that the plaintiffs may recover only from the party
who received the property, which in this case is the corpora-
tion. The same defendants also contend that the evidence
does not support various findings to the effect that certain
statements issued concerning the financial condition, profits
and surplus of the corporation, were false and that the de-
fendants well knew their falsity and that said statements, re-
ceived by the plaintiffs, were issued and published by said
defendants, or were relied upon by the plaintiffs; nor the
finding that the defendants Fletcher and Haskell partici-
pated in the stock transaction involved.

▊    The plaintiffs set up two causes of action, one for
the return to them of the real property conveyed or for
damages against all of the defendants in the sum of $30,-
162.28 suffered by the plaintiffs by virtue of the action of
the defendants in issuing to the plaintiffs void and valueless

certificates of stock, known to the defendants to be void and valueless under the facts alleged in the complaint. The second cause of action was for the same relief based on the alleged fraudulent representations of the defendants as to the business activities and financial condition and the existence of profits and surplus of the corporation. Although the complaint contained allegations of notice and demand and offer to restore the worthless stock, such allegations were unnecessary to the maintenance of the causes of action alleged. The plaintiffs are not restricted to the remedy by way of rescission, but may bring an action for the damages suffered. (*Castle* v. *Acme Ice Cream Co., supra.*) Neither is the present action one for money had and received, as in *Pollak* v. *Staunton, supra,* relied on by the defendants, wherein judgment was permitted only for the amounts received by the respective defendants.

It is not necessary to consider the sufficiency of the evidence on the questions whether the defendants Fletcher and Haskell were aware of the falsity of the representations with respect to the business activities and financial condition of the corporation, nor whether such representations were in fact false, nor the other matters pertinent to an inquiry on the cause of action based thereon. It is enough to note that the judgment is supported by the findings on the issues raised by the first cause of action and the answer thereto, and that the evidence supports the findings that the defendants Fletcher and Haskell had notice and knowledge that the certificates issued to the plaintiffs were so issued in exchange for real property and with their aid and assistance. The evidence on this phase of the case is that the proposition to exchange the real property for stock was placed before said defendants as directors and the direction for the consummation of the transaction was voted by them. Participation on their part in the issuance of the stock amounts in law to a representation that such stock is valid and genuine, upon which the plaintiffs relied to their damage. (*Walker* v. *Harbor Realty etc. Corp., supra; Boss* v. *Silent Drama Syndicate,* 82 Cal. App. 109, 115 [255 Pac. 225].) In such a case no ground exists for reversal of a judgment awarding recovery for the damage suffered. (See, also, *O'Connell* v. *Union Drilling etc. Co.,* 121 Cal. App.

302, at 309 [8 Pac. (2d) 867]; *McClory* v. *Dodge*, 117 Cal. App. 148 [4 Pac. (2d) 223].)

The judgment is affirmed.

Langdon, J., Preston, J., Thompson, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.