[L. A. No. 13360. In Bank.—October 20, 1933.]

HULDA C. HOLMQUIST, Respondent, v. JAMES D. KENT, Trustee in Bankruptcy, etc., et al., Appellants.

232

Harrison G. Sloane and Gray, Cary, Ames & Driscoll for Appellants.

Ed. P. Sample and William H. Wylie for Respondent.

THE COURT.—These appeals presented in one record are by the defendant trustee in bankruptcy for California Land Buyers Syndicate, and by the defendants Fletcher and Haskell, from a judgment for the plaintiff in an action for the return of real property or for damages growing out of an alleged void stock sale transaction. The defendant California Land Buyers Syndicate went into bankruptcy after judgment was entered, and the defendant James D. Kent, as such trustee, was substituted in its place.

The stipulated facts form the basis of the trial court's findings.

The plaintiff and her sister owned real property in San Diego consisting of lots A and B, block 191, Horton's Addition, of the value of $160,000 encumbered by a mortgage in the sum of $25,000. The defendant California Land Buyers Syndicate, a Delaware corporation, obtained a permit from the corporation commissioner of the state of California to sell and issue 24,569 investment shares and a like number of common shares in units of one investment share and one common share of $30 per unit, cash, lawful money of the

United States. The syndicate was permitted to pay a selling commission of not to exceed twenty per cent. The business of the syndicate at the times herein involved was exclusively to buy and sell or exchange real estate at a profit. R. L. Stewart was its fiscal agent and was authorized to sell the stock units for a commission of twenty per cent. The defendants Fletcher and Haskell are two of the directors of the corporation, also vice-president and secretary thereof, respectively.

C. R. Wilson, a stock salesman and manager of the real estate department of the syndicate, solicited the interest in the company of the plaintiff and her sister. On December 6, 1928, the board of directors in meeting received and read a letter addressed to Mr. Wilson, as manager of the real estate department, signed by the plaintiff and her sister, offering for sale the real estate above described and improvements at a price of $160,000, subject to a $25,000 mortgage, the purchase price to be $10,000 cash and 4,166 units of the company's stock. The owners also agreed to turn over $2,000 of such securities to Mr. Wilson as his commission on the sale of the real estate. The minute record of the meeting shows that the motion to purchase the real estate at the figure offered, viz., $160,000, was carried without a negative vote.

An escrow was opened with the Southern Title & Trust Company of San Diego, as escrow-holder. Through the escrow the syndicate obtained a loan of $70,000 on the property to be purchased, and the existing mortgage of $25,000 was discharged. Concededly the syndicate had no funds, either cash or deposits, against which to draw a check for the sum of $135,000, the purchase price of the real property less the amount of the mortgage. Neither were the plaintiff nor her sister possessed of funds with which to pay for the stock units specified. The transaction was consummated by the check of the escrow-holder Southern Title & Trust Company of San Diego, in favor of California Land Buyers Syndicate, in the sum of $124,980, the sum due for the stock units, together with a sufficient amount from the proceeds of the loan to make up the necessary amount against which the check of the syndicate in the sum of $135,000 was drawn in favor of the Southern Title & Trust Company, and exchanged by the latter upon its indorse-

ment for cashier's checks. That is, the balance of the borrowed funds, the check for $124,980 and the cashier's checks were deposited in the escrow and when the escrow closed, the respective offsetting checks were deposited, honored and cleared in the customary manner. The net material result was that the plaintiff and her sister received the specified $10,000 cash and certificates of stock representing the stipulated units, and the defendant syndicate received a deed to the real property formerly owned by the plaintiff and her sister.

The trial court found that this transaction was an exchange of stock for real estate and was consummated with the aid and assistance of the defendants Fletcher and Haskell, with notice and knowledge that the syndicate did not receive cash in the sum of $30 per unit for each unit so transferred, and that the transaction was in violation of the terms of the permit. The court found further that the encumbrance created against said property in the sum of $70,000 had not been discharged and that the property was sold under foreclosure proceedings. The certificates of stock were declared void pursuant to section 12 of the Corporate Securities Act (Stats. 1917, pp. 673, 679), and judgment was entered for the plaintiff and against the California Land Buyers Syndicate and the individual defendants for a reconveyance to the plaintiff of a one-half interest in the property subject only to a mortgage in the sum of $25,000, or for damages in the sum of $62,500.

The decisive questions on this appeal arise from the contentions of the appellants that the court erred in finding that the shares of stock were issued in exchange for real property; that the court should have found that the plaintiff was *in pari delicto* with the defendants; and the additional contention on the part of the defendants Fletcher and Haskell that the plaintiff is not entitled to a money judgment as against them, on the theory either that the facts do not warrant the finding that the stock issue was with their knowledge and aid or assistance, or, said defendants not having received any of the property, that the form of action brought by the plaintiff does not permit such relief as against them. ■ If the transaction involved in the present case was a violation of the permit, then the manner of its consummation and the acts of the agent Stewart to

that end were, under the facts disclosed by the record, attributable to the defendants Fletcher and Haskell. (*Randall* v. *California Land Buyers Syndicate*, 217 Cal. 594 [20 Pac. (2d) 331].) So that the principal inquiry is whether or not the transaction was for cash within the meaning of the act.

■ The defendants argue that the credit of the Southern Title & Trust Company, which backed the checks used in the transaction, renders the transaction in all its essential characteristics one for cash; that the transaction is essentially the same as though the checks of the parties were used backed by actual funds on deposit to their own credit, and duly honored. We may start with the premise that the latter situation would unquestionably be considered the equivalent of cash; and it is argued therefrom that the credit of the Southern Title & Trust Company is as much an equivalent of the cash requirement. There is no proof in the record, if the point be considered material, that the credit of that company was backed by any more tangible asset than a similar credit. On the contrary, the conclusion is irresistible that the manner in which the checks were issued and used was merely a method of offsetting book-keeping entries. In the final analysis we therefore still are faced with the fact that credit merely was utilized in the transaction when cash or actual funds on deposit was the requirement. The arguments of counsel have not persuaded us that this transaction in its essence is to be distinguished from the transaction involved in the case of *Randall* v. *California Land Buyers Syndicate, supra,* and the reasons material there for concluding that the transfer was one not for cash are controlling here.

■ The plaintiff is not *in pari delicto* with the defendants. (*Randall* v. *California Land Buyers Syndicate, supra,* pp. 597, 598; *Western Oil & Refining Co.* v. *Venago,* 218 Cal. 733 [24 Pac. (2d) 971].) ■ Also, the case of *Randall* v. *California Land Buyers Syndicate, supra,* at pages 598, 599, answers adversely to their contentions the question whether the plaintiff is entitled in the form or theory of the action prosecuted by her to a money judgment as against the defendants Fletcher and Haskell.

The judgment is affirmed.

Rehearing denied.