[Civ. No. 11052. First Appellate District, Division Two.—November 20, 1939.]

W. G. PARMELY et al., Respondents, v. PEARLEY P. BOONE, Appellant.

Morgan J. Doyle and J. Joseph Sullivan for Appellant.

Athearn, Chandler & Farmer and Edward G. Chandler for Respondents.

NOURSE, P. J.—The four named plaintiffs sued in one complaint upon four separate causes of action. The nature of each cause of action was that of a common count for money had and received and each involved purported sales of securities in violation of the Corporate Securities Act. One judgment was entered against defendant Pearley P. Boone, individually, awarding specific amounts to each of the named plaintiffs. This defendant has appealed upon a typewritten record. The appellant has raised six points which we will consider in order.

■ 1. That he was not served with written notice of time and place of trial. He was present at and participated in the trial and thus waived written notice. (*Sheldon* v. *Landwehr,* 159 Cal. 778, 782 [116 Pac. 44] ; *Estate of Wempe,* 185 Cal. 557, 563 [197 Pac. 949] ; 24 Cal. Jur. 725.)

■ 2. That the trial court was without jurisdiction to entertain the second, third and fourth causes of action because in each the demand was less than two thousand dollars. Jurisdiction of the first cause is conceded. Hence the question is whether the superior court, having jurisdiction of one cause of action, may assume jurisdiction of another otherwise joinable cause of action in which the claim is below the jurisdiction of the superior court. The question is squarely answered in the affirmative in *Emery* v. *Pacific Employers Ins. Co.,* 8 Cal. (2d) 663, 668 [67 Pac. (2d) 1046]. The court there said: ''The two joinable causes of action together constitute the 'case' within the meaning of the jurisdictional provisions, and if the total demand of one of said plaintiffs against the defendant is beyond the jurisdiction of the municipal court, the superior court has jurisdiction of said 'case', including both causes of action.''

■ 3. That there is a misjoinder of parties plaintiff and of causes of action. Under section 378 of the Code of Civil Procedure it is permissible for several plaintiffs to join in an action when they have a common interest in the subject of the action and the questions of law or fact which would arise are common to all the parties. (*DeMille* v. *County of Los Angeles,* 25 Cal. App. (2d) 506, 508 [77 Pac. (2d) 905].) *Akely* v. *Kinnicutt,* 238 N. Y. 466 [144 N. E. 682], is directly in point, and nothing to the contrary has been called to our attention.

■ 4. That certain of the items for which recovery was given are barred by the statute of limitations. Though the action was one in the nature of a common count for money had and received, it was tried on the theory that the sales to plaintiffs were accomplished through defendant's fraud in his failure to secure the necessary permit from the commissioner of corporations. The trial court found that defendant's promise to repay the sums sued for was implied in law because of his failure to obtain the necessary permit, and that plaintiffs had no knowledge of such failure until within two years prior to the commencement of the action. This finding,

which is not here attacked, brings the case within the rule of *MacDonald* v. *Reich & Lievre, Inc.*, 100 Cal. App. 736 [281 Pac. 106]. (See, also, *Mary Pickford Co.* v. *Bayly Brothers, Inc.*, 12 Cal. (2d) 501, 525 [86 Pac. (2d) 102].)

■ 5. That the evidence does not support the judgment. The appeal is taken on a typewritten transcript, and no part of the evidence is printed. The parties stipulated that no permit was ever secured for the sale of the securities. That a permit was necessary is not disputed. But it is argued that the evidence does not prove that the transactions took place in California. This may be presumed, or at least inferred, from the admitted facts that the principal place of business of the trust was in San Francisco, that all the meetings of the trustees were held there, and that it was the place of residence of all the parties to the action.

■ 6. That the parties were *in pari delicto*. The appellant assumes an unusual condition here—that since he did not know that a permit was necessary, there was no intention on his part to violate the act, hence, the buyers must have known and must have so intended. The settled rule is that purchasers may assume that the other has complied with the law, and that they are not *in pari delicto* unless, as in *Campbell* v. *Julian Merger Mines*, 111 Cal. App. 649 [295 Pac. 1040], and similar cases, the purchasers are shown to have had full knowledge and to have connived with the seller to violate the act. Here the trial court found that none of the plaintiffs had such knowledge when the purchases were made. For the controlling rule see *Randall* v. *California L. B. Syndicate*, 217 Cal. 594, 597, 598 [20 Pac. (2d) 331], and cases there cited.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.