No. 9442.

Circuit Court of Appeals, Fifth Circuit.

June 20, 1940.

**WOODS et al. v. DECK.**

No. 9366.

Circuit Court of Appeals, Ninth Circuit.

June 7, 1940.

Rehearing Denied Aug. 26, 1940.

Raphael Dechter and F. George Herlihy, both of Los Angeles, Cal., for appellants.

Derthick, Cusack & Ganahl, Herbert Ganahl, and W. J. Cusack, all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

Appellants Walter L. Woods and Helen Jennings Silver and John H. Hoffman, on September 8, 1937, filed an involuntary petition in bankruptcy against the appellee, John Deck, Sr. The petition alleged that the petitioners were creditors of the appellee "for money advanced and paid to said John Deck at his special instance and request", as follows: Walter L. Woods, $10,400; Helen Jennings Silver, $6,000; and John H. Hoffman, $3,000. The sufficiency of this petition on its face is not challenged.

On September 21, 1937, the other appellants, Minnie A. McFaul, William D. McFaul and Marguerite McFaul Rasco, filed a petition alleging that they were judgment creditors for $4,200 of the alleged bankrupt under a judgment of the Superior Court of the State of California for the County of Los Angeles, and joined in the prayer for an adjudication of bankruptcy.

The court dismissed these petitions upon the ground that appellants were not creditors of the alleged bankrupt. This appeal from that order followed.

■ If it be held that the original petition, although sufficient on its face, failed for lack of proof that the three petitioning creditors had provable claims, the adjudication of bankruptcy should nevertheless have followed if the judgment of the three intervening petitioners was provable in bankruptcy. Canute S. S. Co. Ltd., v. Pittsburgh & West Virginia Coal Co., 263 U.S. 244, 249, 44 S.Ct. 67, 68 L.Ed. 287.

■ The three petitioning creditors base their claim upon moneys paid to the alleged bankrupt for certificates of interest in an oil venture of the Tujax Oil Company. The judgment claim of the intervening creditors is based upon similar liability. The claims of the original and intervening creditors are based upon the proposition that the certificates of interest sold to the alleged creditors were void because sold without a permit of the Corporation Commissioner of California, which was required under the Corporate Securities Act of California. Cal.Stats. 1933, p. 2316. That there is a right to recover the money paid under such circumstances by a purchaser of securities issued in violation of the Corporate Securities Act of California, supra, is well settled. This right may be enforced by the purchaser of the securities in an action for money had and received (Pollak v. Staunton, 210 Cal. 656, 293 P. 26) or by an action to recover for fraudulent misrepresentation as to the validity of the securities or in an action for breach of an implied warranty of validity, as the case may be. Mary Pickford Co. v. Bayly Bros., Inc., 12 Cal.2d 501, 86 P.2d 102; see, also, Randall v. California Land Buyers Syndicate, 217 Cal. 594, 20 P.2d 331; Mannion v. Simeon Baldwin, 217 Cal. 600, 20 P.2d 678.

So far as the claims of the original petitioners are concerned the trial court held that they could not maintain an action upon the common law counts for money had and received or for debt against the alleged bankrupt because the money had been paid to him as president of the Tujax Oil Company and had been used by that company. The court, in its decision dismissing the action, announced that leave to amend the petition would not be granted if applied for, and one of the alleged errors presented by appellants is the refusal to permit them to change the allegations of the petition so as to show a liability upon an implied warranty and for fraud arising out of the violation of the California Corporate Securities Act.

We will first consider the question as to whether or not the intervening judgment creditors had claims provable in bankruptcy.

The Bankruptcy Act expressly provides that judgments rendered before or after the petition in bankruptcy are provable debts. If reduced to judgment after the filing of petition, however, the judgment must be based upon a provable debt (11 U.S.C.A. § 103, sub. a(1, 5), Bankruptcy Act, § 63, 30 Stat. 562). The judgment in favor of the intervening petitioners was rendered by the Superior Court in and for the County of Los Angeles, State of California, December 23, 1936. An appeal was taken and the judgment was affirmed January 23, 1939, by the District Court of Appeal for the Second District, Division one, for the State of California, and hearing was denied by the California Supreme Court on the 23d of March, 1939. McFaul v. Deck, 30 Cal.App.2d 424, 86 P.2d 890.

At the time of the hearing before the special master the judgment of the Superior Court had not become final but before the decision of the District Court, August 22, 1939, it had become final. The ruling

of the court with reference to the non-provability of the judgment will be best understood by the statement of the court in its opinion rendered July 18, 1939, as follows:

"The McFaul claims are based upon a judgment which became final after the proceedings were instituted. However, as prior to the judgment, I determined, in the reorganization proceeding of the corporation, in an order which was never appealed and which has now become final, that the McFauls were not creditors, the judgment of the Superior Court rendered subsequently and which is inconsistent with it, must be disregarded.

"The order fixed the status of the McFaul claimants, and is binding on all, whether parties to the proceeding or not."

To understand this statement and the conclusion therein further facts must be stated. The Tujax Oil Company filed a petition for corporate reorganization under § 77B of the Bankruptcy Act, 11 U.S. C.A. § 207. In that proceeding the intervening petitioners, appellants herein, filed claims as creditors of the Tujax Oil Company. The trial court held that the intervening petitioners were not creditors of the Tujax Oil Company but were coadventurers with that company. This conclusion was based upon the relationship established by the purchase of the certificates of interest in the mining venture. The decision implied that the transaction was valid either because it did not come within the prohibition of the California Corporate Securities Act or, if it did, that the permit required by that statute was obtained.

■ This decision that the intervening petitioners were not creditors of the Tujax Oil Company is directly contrary to the later decision of the state court in McFaul v. Deck, 30 Cal.App.2d 424, 86 P. 2d 890, which held that the transaction was void under the Corporate Securities Act and gave judgment in favor of the appellants, the intervening creditors, against John Deck, Sr., the alleged bankrupt. The passage above quoted from the opinion of the trial court shows that it regarded the judgment of the superior court, which was upheld in that case, as barred from consideration in the case by the trial court's own previous decision in the corporate reorganization proceedings. In so holding we think that the court

erred. It is sufficient to say that the judgment of the District Court in the proceedings under § 77B was not a judgment between the same parties who litigated their rights in the Superior Court and therefore would not be binding upon the parties litigating their rights in that court, even if it had been pleaded in bar, as it was not. Stenderup v. Broadway State Bank, 219 Cal. 593, 28 P.2d 14; Estate of Smead, 219 Cal. 572, 28 P.2d 348; Grubb v. Public Utilities Comm., 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972. It matters not that the judgment of the Superior Court was rendered after the judgment of the bankruptcy court in the corporate reorganization proceedings. The Superior Court had jurisdiction of the action against John Deck, Sr., and its later decision was binding upon the parties, notwithstanding the earlier decision of the bankruptcy court between different parties. The matter was not res judicata by reason of that decision.

■ We conclude, then, that the intervening petitioning creditors were judgment creditors at the time the original petition for involuntary bankruptcy was filed herein and, hence, were entitled to prosecute their petition in involuntary bankruptcy. 11 U.S.C.A. § 103; Moore v. Douglas, 9 Cir., 230 F. 399; Grafton v. Lloyd, 9 Cir., 86 F.2d 205. This conclusion requires a reversal of the order of dismissal inasmuch as the claim of the intervening creditors is sufficient to require an adjudication of bankruptcy. Canute S. S. Co., Ltd. v. Pittsburgh Coal Co., supra.

■■ It remains to consider the claims of the original petitioners. Since their claims and those upon which the judgment was based in the case of McFaul v. Deck, supra, involve the same questions, it is clear that if we follow the decision in that case we must hold that they also are creditors of the alleged bankrupt. This decision, however, is not binding upon us as an authoritative decision upon the law of California, since it is not a decision of the highest court of the state. Nevertheless it is in strict accordance with the decisions of that court. That the president of the Tujax Oil Company who actually negotiated the sale of the void certificates to the appellants and received the money therefor, whether as agent or otherwise, is liable to the purchaser for the money paid to him in an action for constructive fraud, or upon an implied warranty, is estab-

lished by the decisions of the Supreme Court of the State of California above cited. In this connection the decision in Mary Pickford Company v. Bayly Bros., Inc., 12 Cal.2d 501, 86 P.2d 102, supra, is noteworthy as having clarified the law of California very materially. It expressly overrules a number of decisions of the District Courts of Appeal of California and explains a number of its own decisions interpreting the California Corporate Securities Act.

It is clear, then, that upon the merits the original petitioners have provable claims. But the trial court held that the proof was insufficient to sustain the common count upon which' petitioners relied in their petition. If the court was correct in so holding it is clear that an amendment to the petition should have been allowed as requested; but as an adjudication of bankruptcy must be made upon the petition of the intervening creditors it is entirely unnecessary to delay action for such amendment and proof.

The order dismissing the petition is reversed with instructions to the District Court to enter an order adjudicating the appellee a bankrupt, without prejudice to the right of the original petitioning creditors to present their claims in bankruptcy upon the merits in such form as they may be advised.

Reversed.