[Civ. No. 17466. Second Dist., Div. Two. May 10, 1950.]

RAY STRAHAN, Respondent, v. MELDON RODNEY, Appellant.

A. Feldman for Appellant.

T. C. McKenna and Ira C. Doane for Respondent.

MOORE, P. J.—Respondent obtained judgment against appellant for the sum of $1,750 as damages resulting from the sale of certain corporate shares to respondent.

It appears that defendants had organized Vitalife Laboratories prior to October 22, 1945, for a total capitalization of

10,000 shares. To defendant Sorensen 5,100 shares were issued; 2,000 to one Kroeckel and 2,900 to appellant. Notwithstanding that a permit of the state Corporation Commissioner had on the last mentioned date authorized the issuance of the capital stock for cash only at $1.00 per share, the permit had been ignored and 2,900 shares issued to appellant for the sum of $1,000 and some services. At the time of its issuance appellant was the secretary and director of the corporation. On April 19, 1946, the defendant Boyle called upon respondent for the purpose of inducing him to purchase the stock of one of his codirectors. Thereafter appellant delivered his stock certificate for the 2,900 shares to Boyle and the latter paid the $1,750 to appellant. In the following month respondent called upon appellant to inquire as to the whereabouts of the stock. Appellant told him to take the matter up with Boyle who was handling the transaction. On October 9, 1946, at a shareholders' meeting of the corporation, the issue of the stock to appellant was by resolution declared void by reason of its noncompliance with the terms of the permit.

In his complaint for damages respondent alleged two counts. (1) For money had and received in the sum of $1,750 and (2) an action for damages in the sum of $2,320 alleging Boyle and Sorensen to have been the agents of appellant in seeking a sale. The first cause of action having been abandoned, judgment was entered in the sum of $1,750 against appellant only.

Appellant demands a reversal on three grounds, to wit, (1) want of jurisdiction in the court below; (2) want of evidence of the agency of either Boyle or Sorensen; (3) want of proof of any faults or representations by appellant resulting in damage to respondent.

In support of his contention that the court was without jurisdiction appellant argues that the second cause of action was predicated on the same set of facts as those alleged in the first count, citing *Consolidated Adj. Co.* v. *Superior Court*, 189 Cal. 92, 94 [207 P. 552]. But the second cause of action is based upon the selling of 2,900 shares of stock, par value of 80 cents per share. making the total amount involved in the second count $2,320, the amount of damage suffered by the disclosure that the stock was worthless. The test of jurisdiction of a court is found in the nature of the case made by the complaint and in the relief sought. Merely because the plain-

tiff does not succeed in establishing all that he claims does not deprive the court of its jurisdiction to give judgment for the amount of debt established. (*Silverman* v. *Greenberg,* 12 Cal.2d 252, 254 [83 P.2d 293].) Appellant argues that since all parties deny an agency and since there was no clear proof of an actual agency or of an ostensible agency respondent must fail. Such argument is of no avail. The stock stood in appellant's name. Boyle took it from him for the purpose of selling it and when he approached respondent he stated that it was Rodney's stock. Boyle paid Rodney the money supplied by respondent and never returned it to respondent. From such facts, an inference of agency was irresistible, at least an ostensible agency which is clearly established by the acts of appellant. Not only did the latter refer respondent to Mr. Boyle when the whereabouts of the stock was asked for, but the fact that appellant received the identical amount of money paid to Boyle by respondent leaves no room for cavil.

Finally, appellant contends that there is no proof of any false representation resulting in damage to respondent. This is an amazing state in view of the fact that the stock held by Rodney in his own name was a nullity, having been issued in violation of the permit and nothing could be done to instill value into it. The very fact that appellant assigned the certificate and offered it for sale as 2,900 shares in the Vitalife Corporation was a fraud accentuated by the fact that appellant as attorney for the corporation had prepared the application for the permit, as a director had voted to make the application and as secretary had signed it. That he knew the stock to be worthless cannot be denied upon any theory. Stock certificates exchanged for services instead of cash as required by the commissioner's permit are utterly without value and the offer by a director of the corporation to sell such certificates constitutes a fraud. (*Randall* v. *California Land Buyers Syndicate,* 217 Cal. 594, 599 [20 P.2d 331]; *Barton* v. *El Encanto Apartments, Inc.,* 216 Cal. 500, 502 [14 P.2d 501]; *First National Bank* v. *Thompson,* 212 Cal. 388, 402 [298 P. 808].)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.