Matter of **ACORD VENTILATING COMPANY, Alleged Bankrupt.**
**LUSE–STEVENSON COMPANY et al.,** Appellants,

v.

**ACORD VENTILATING COMPANY,** Appellee.

No. 11320.

United States Court of Appeals, Seventh Circuit.

April 18, 1955.

Francis E. Schlax, Kieran P. O'Gallagher, Chicago, Ill., for appellant.

J. H. Schwartz, Jacob Cohen, Chicago, Ill., for appellee.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Three petitioning creditors, Luse-Stevenson Company, H. H. Van Epps, doing business as Heating & Ventilating Equipment Co., and Tuttle & Bailey, Incorporated, appeal from orders dismissing an original petition in bankruptcy filed by Luse-Stevenson Company alone and the amended petition of all three, and refusing to permit petitioners to file an amended petition.

The original petition was filed September 8, 1954, seeking adjudication of the debtor, Acord Ventilating Company. On its face it was in proper form, averring that respondent was insolvent, that within four months, it had committed an act of bankruptcy, and that, on information and belief, it had less than 12 creditors. The alleged bankrupt filed no answer but appeared in court September 9 by counsel, who stated, orally, in the presence of attorneys for petitioners, that it had more than 12 creditors. The court, without hearing evidence, directed that the representative of the petitioning creditor be brought into court. Later the same day, the other two petitioning creditors contacted counsel for Luse-Stevenson Company, who thereupon filed an amended petition in behalf of not only the original petitioner but also two additional qualified creditors, reciting that since the original petition had been filed, petitioner had been advised by the debtor that its creditors were more than 12 in number. On September 10 the court, again without requiring an answer or hearing evidence, peremptorily dismissed the original petition, ordered the amended petition stricken and denied a motion by petitioners for leave to file a further amended petition. On the 6th of October, petitioners' motion to set aside each of the orders and to reinstate their petition was likewise denied; thereupon this appeal was perfected.

■■ Though both the original and the amended petitions were in proper form, they have been dismissed without answer or evidence, and a motion for leave to file an amended petition denied. By Section 59, sub. d, of the Bankruptcy Act, 11 U.S.C.A. § 95, sub. d, it is provided that when it is averred that the creditors are less than twelve, and less than three have joined, and "the answer

901

avers the existence of a larger number of creditors, there shall be filed with the answer a list under oath of all the creditors" and their addresses. The Court shall then cause all creditors to be notified of the pendency of the petition and delay the hearing for a reasonable time "to the end that the parties in interest shall have an opportunity to be heard." If, upon hearing, "it shall appear that a sufficient number of qualified creditors have joined in such petition", or if before or at the hearing, a sufficient number shall join therein, the case may proceed. Subdivision f provides that "creditors other than the original petitioners may at any time enter their appearance and join in the petition." Creditors intervening, by virtue of the Statute, acquire the status of petitioning creditors as of the date on which the original petition was filed. And, inasmuch as the Act provides that they may intervene at any time, the right to do so is not limited by the court's discretion; it is a matter of right. Providence Box & Lumber Co. v. Goodrich-Daniell Lumber Corp., D.C., 80 F.Supp. 61. Consequently, whether there are more than 12 creditors becomes utterly immaterial, if three or more qualified creditors join in an amended petition at any time before adjudication. Canute Steamship Co. v. Pittsburgh & West Virginia Coal Co., 263 U.S. 244, 44 S.Ct. 67, 68 L.Ed. 287. In such case, the total number becomes academic. Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468; Woods v. Deck, 9 Cir., 112 F.2d 739. This court has said, in In re Dandridge & Pugh, 7 Cir., 209 F. 838, at page 839, that this section "was designed to furnish to creditors a summary method whereby they could make themselves parties petitioner * * *, giving to them respectively all the rights and privileges with regard to the maintenance or defense of, the proceedings, which the law gives to original petitioners who instituted, or to the bankrupt resisting, them. It is capable of no other interpretation save that it gives to creditors so coming in by appearance and joinder in the petition or answer a defi-

nite status or standing from which they cannot be eliminated except upon a hearing which, under the law, must be accorded to original parties."

It follows from these authorities, we think, without question, that the original petition should not have been dismissed without an answer disclosing that there were more than 12 creditors and simultaneous submission of a list of creditors by the alleged bankrupt, as provided in Sec. 59, sub. d, and that the additional petitioning creditors had a statutory right to join in the petition and become parties to the proceedings, which right it was beyond the authority of the court to deny. It follows, further, that if the amended petition were improper because of failure to have obtained leave to file it, which we do not think is true, the motion for leave to file a further amended petition joining requisite qualified creditors, should have been allowed. To dismiss the petitions and to deny the motion to amend, was beyond the court's power defined by Congress. The district court was authorized to dismiss only when and if an answer, accompanied by a list of creditors had been filed, and not even then, until all creditors had been notified and given an opportunity to be heard. When, even though no answer had been filed, other creditors did appear, it was the court's statutory duty to hear them.

The District Judge, in the absence of an answer, upon oral statement of counsel that the creditors were more than 12, seems to have grasped somehow the idea that the single petitioning creditor had attempted to impose upon the court and ordered its representative to appear. Counsel for the petitioning creditors had explained their averment of less than 12 creditors by explaining that at a creditors' meeting on September 7, only 7 creditors appeared, and that when they were orally informed by counsel for the debtor that there were additional creditors, other qualified creditors had joined with the original petitioner, as they had a right to do under the provisions of the Bankruptcy Act. If, an answer had been

filed and evidence heard, and it then appeared from the evidence that the court had been imposed upon, it would have had a right to conduct an inquiry into the situation, but, in the absence of evidence of any character, it had no right to dismiss the original petition and the amended petition, or to deny the motion to file a further amended petition. The judgment is reversed with directions to proceed in conformity with the announcements herein contained.